Carlos A. Leyva, FL Bar No. 51017
Linda S. McAleer, CA Bar No. 249233
Digital Business Law Group, P.A.
1001 Starkey Rd. #18
Largo, FL 33771
Tel: (800) 516-7903
email: cleyva@digitalbusinesslawgroup.com
email: linda@lindamcaleer.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SellPoolSuppliesOnline.com, LLC,<br><br>             Plaintiff<br><br>     v.<br><br>Ugly Pools Arizona, Inc.; Brian Morris, an individual<br><br>             Defendant | CASE NO.: CV-15-01856-PHX-PGR<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY DEMANDED** |

Comes now Plaintiff SellPoolSuppliesOnline.com, LLC ("SPSO") with its complaint ("Complaint") against Ugly Pools Arizona, Inc. ("Ugly Pools") and Brian Morris (collectively "Defendants") and states as follows:

**INTRODUCTION**

1.      This is an action for Copyright Infringement under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. ("Copyright Act"), and Unfair Competition under Arizona common law.

PLAINTIFF'S MOTION TO AMEND

1

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff SPSO is a corporation registered in the State of Arizona, having its principal place of business in Maricopa County at 2885 N. Nevada, Ste. 160, Chandler, AZ 85225. SPSO provides inter alia, website and online store platforms to swimming pool contractors and parts suppliers so that they may quickly and conveniently establish an online presence and grow their businesses.

3. Defendant Ugly Pools is a corporation registered in the State of Arizona, having its principal place of business in Maricopa County at 7558 W. Thunderbird Rd. Ste. 1-621, Peoria, AZ 85381, that builds and remodels swimming pools and sells supplies for them.

4. Defendant Brian Morris is the President of Defendant Corporation Ugly Pools and, upon information and belief, resides in Peoria, AZ.

5. Upon information and belief, at all times material hereto, Defendants operated through the acts of their employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

6. This Complaint alleges Copyright Infringement under the Copyright Act and this Court has subject matter jurisdiction over this federal question claim pursuant to 28 U.S.C. § 1338(a) ("Copyright").

7. This Complaint alleges Unfair Competition under Arizona common law, arising from the same transaction or occurrence as Plaintiffs Copyright Infringement claim, and this Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1367 ("Supplemental Jurisdiction").

8.   This Court has personal jurisdiction over Defendants because Defendants' tortious, intentional, willful and malicious acts of copyright infringement and unfair competition all occurred within this jurisdiction, were expressly aimed at this jurisdiction, and caused harm Defendants knew or should have known was likely to be suffered in this jurisdiction. Upon information and belief, this Court also has personal jurisdiction over Defendants because they reside in this judicial district and/or have transacted business in this judicial district.

9.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside and may be found in this judicial district such that they are subject to personal jurisdiction in this judicial district and a substantial portion of the acts complained of herein occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

10.   SPSO facilitates the online presence and online store of numerous swimming pool contractors and parts suppliers throughout and around Arizona by licensing its website platform ("Platform"), located on the Internet at www.sellpoolsuppliesonline.com.  The Platform consists of, inter alia, a compilation of programs, representations, originally authored works and writings, computer architecture and design, which provide SPSO licensees the infrastructure to configure, implement, and maintain fully functional and attractive websites based on the Platform that are personalized to each customer's business, incorporate and effectively use search engine optimization ("SEO"), and provide "drop-ship" delivery that dispenses with the need to maintain inventory.

PLAINTIFF'S MOTION TO AMEND

3

11. SPSO initiated development of the Platform in 2011, completed the Platform on or about June 2014, and first published the Platform on or about July 3, 2014. The SPSO Platform is password protected and available only to licensees who register and pay for use and access.

12. Upon information and belief, Defendants are in the business of building and remodeling swimming pools, as well as selling pool supplies and accessories in and around greater Maricopa County.

13. Defendants represented themselves to SPSO as prospective customers/licensees who were honestly considering the license of SPSO's Platform in order to create a website for their business based on same.

14. Defendants were provided access to an SPSO sales representative's ("Mark Kessler" or "Kessler") copy of the server for the limited purpose of familiarizing themselves with the Platform and to assist Defendants in making a purchasing decision. Defendants were aware they would have to purchase a license to be authorized to have further access to the Platform, to use it commercially, and that the SPSO license governed the nature of their use of the Platform.

15. Defendants were in close contact with Kessler and SPSO management and pressed for very detailed, confidential information about SPSO's Platform and its underlying functionality under the pretense of purchasing a license and entering into a long term

PLAINTIFF'S MOTION TO AMEND

4

commercial relationship for maintenance and support with SPSO. *See* Exhibit A, email correspondence between SPSO and Defendants.[1]

16.     On September 16, 2014, while Defendants had access to SPSO's Platform as prospective clients, an individual logged into SPSO's server from an Internet Protocol ("IP") address located, upon information and belief, within one city block of Defendants' primary place of business and downloaded a complete copy of SPSO's Platform. *See* Exhibit B, SPSO's server log. Defendants did not disclose the download of the Platform to SPSO at any time.

17.     After a complete copy of SPSO's platform was downloaded, Defendants immediately ceased all communications with SPSO.

18.     Nearly a year after the Platform was downloaded and all communications between SPSO and Defendants had ceased, Defendants published a website located at www.allpoolsupplies.com, nearly identical to the Platform that required SPSO three (3) years and hundreds of thousands of dollars to develop. *See* Exhibit C, screenshots of SPSO's copyrighted photos ("Photos"); *see also* Exhibit D, SPSO's Photos as used on Defendants' website; Exhibit E, listing and arrangement of SPSO Photos; Exhibit F, listing and arrangement of Photos on Defendants' website.

19.     Upon information and belief Defendants intentionally altered Plaintiff's copyright management information, by changing the copyright management information on the webpage from "Copyright 2015 Pool and Spa Parts Now" to "Copyright 2015 We Fix

---

[1] All exhibits are attached hereto and included herein by reference unless otherwise noted.

PLAINTIFF'S MOTION TO AMEND

5

Ugly Pools" in order to further conceal the infringing action. *See generally* Exhibits E & F. Defendants knew or should have known of SPSO's rights. Defendants' alteration of SPSO's copyright management information was in violation of 17 U.S.C. § 1202.

20. Defendants knowingly provided false and misleading copyright management information with the intent to induce, enable, facilitate, or conceal infringement.

21. Upon information and belief, on September 16, 2014, it was Defendants that logged into SPSO's server and downloaded SPSO's entire Platform, which exceeded the scope of consent SPSO had granted Defendants, and thwarted the purpose for which Defendants were granted access as prospective customers.

22. SPSO discovered Defendants' infringing website on or about July 15, 2015 and promptly notified Defendants of infringement on that same day. *See* Exhibit G, notification of infringement to Defendants.

23. Defendants did not respond to SPSO's notification or otherwise communicate with SPSO regarding the theft of SPSO's property.

24. As of the filing of this Complaint, SPSO and Defendants have been unable to resolve this dispute amicably because Defendants have not responded to SPSO's attempts to communicate.

25. SPSO never entered into any agreement, express or implied, with Defendants that would permit Defendants to adapt or otherwise use the Platform; therefore, Defendants possess no rights whatsoever in the Platform, including any of the exclusive rights owned by SPSO under the Copyright Act or Arizona common law.

PLAINTIFF'S MOTION TO AMEND

COPYRIGHT INFRINGEMENT

26.     The Platform is an original work authored by SPSO, which is copyrightable under Copyright Act as amended.

27.     The Platform contains "protectable elements" afforded copyright protection; said elements include, but are not limited to, the original written content, photos, graphics, selection and arrangement of both individually protectable and unprotectable elements, and other unique expressions set forth in the Platform.

28.     SPSO delivered a completed application, deposit and fee for copyright registration of the Platform on September 13, 2015. See Exhibit H, SPSO's U.S. Copyright registration application.

29.     SPSO is the sole copyright owner of the infringed upon elements of the Platform.

30.     Defendants adapted nearly all SPSO's copyrighted elements of its Platform verbatim, and released said adaptation on its own company site ("Infringing Content"), www.allpoolsupplies.com. *See generally* Exhibits D & F, examples of Defendants' Infringing Content, taken from www.allpoolsupplies.com.

31.     The Infringing Content is a near exact duplicate of SPSO's copyrightable material as claimed in its USCO application. *See* Exhibit H.

UNFAIR COMPETITION

32.     SPSO's Platform includes a multitude of confidential information not arising to the level of statutorily defined copyright including, but not limited to, know how regarding the implementation of its "drop-ship" delivery system, online store

PLAINTIFF'S MOTION TO AMEND

7

interoperability, search engine marketing, 360 degree rotating Photos, and business/technical practices that enable the Platform to function.

33. Defendants' theft of SPSO's Platform, and subsequent use of same on their own website, was intended to gain increased Internet traffic, sales, and revenue for themselves at the expense of SPSO and SPSO's lawful licensees, competing in the same market.

34. Defendants' theft of the Platform and subsequent use of a nearly identical website is likely to confuse consumers in the marketplace regarding the source or sponsorship of the respective websites.

35. The confusion caused by Defendants is likely to result in consumers assuming that SPSO is associated with Defendant.

### Count I- Copyright Infringement
### [Copyright Infringement 17 U.S.C. § 501(a)]

36. SPSO incorporates by reference all the allegations set forth in 1-35 as if fully set forth herein.

37. SPSO is the rightful owner of intellectual property rights related to the Platform and, pursuant to 17 U.S.C. § 102(a), owns a copyrightable matter in same for which it has filed a registration application.

38. Defendants willfully and unlawfully reproduced, publicly displayed, and created derivative versions of copyrighted elements of the Platform verbatim.

39. The Platform and the Infringing Content contain extensive, nearly identical similarities, and are therefore substantially similar to one another in a manner that would be readily recognized as such by a lay observer.

PLAINTIFF'S MOTION TO AMEND

40. Defendants' infringement has caused SPSO actual damages.

## Count II- Unfair Competition
### [Arizona Common Law]

41. SPSO incorporates by reference all the allegations set forth in 1-40 as if fully set forth herein.

42. Defendants have engaged in unlawful business acts or practices by committing acts including computer fraud, trespass, and other illegal acts or practices.

43. SPSO and its licensees, at all material times were and are engaged in competitive business with Defendants and Defendants' actions are likely to cause public confusion.

44. Defendants' learned confidential information about SPSO as a result of their misrepresentations, including information about SPSO's business model, operating procedures, techniques, and strengths and weaknesses.

45. Defendants intended to misappropriate, steal and exploit that information to gain a competitive advantage in the marketplace.

46. Defendants' misappropriation was willful and malicious.

47. SPSO was damaged as a result.

## Count III – Violation of Digital Millennium Copyright Act
### [Integrity of Copyright Management Information 17 U.S.C § 1202]

48. SPSO incorporates by reference all the allegations set forth in 1-47 as if fully set forth herein.

49. Defendants knowingly falsified and altered SPSO's copyright management information, knowing, or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement of SPSO's rights under this title.

PLAINTIFF'S MOTION TO AMEND

50. Defendants knowing alteration of SPSO's copyright management information infringed SPSO's copyright under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a) and (b).

51. SPSO is entitled to damages or statutory damages pursuant to 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPSO respectfully requests that this Court:

### Count I- Copyright Infringement

(A) Permanently enjoin Defendants and all other persons in active concert or participation with Defendants from continuing to infringe SPSO's copyrighted Platform;

(B) Order Defendants to delete and permanently remove copies of SPSO's Platform from each of the computers under Defendants' possession, custody or control;

(C) Award SPSO actual, consequential, and incidental damages in the amount to be proved at trial including costs and attorneys' fees under 17 U.S.C. § 1203;

(D) Grant SPSO any other and further relief as this Court deems just and proper.

### Count II- Unfair Competition

(A) Award SPSO the profits Defendants' have accrued from their misappropriations, misrepresentations and other unlawful acts that have caused both public confusion and inequitable market advantage;

(B) Award SPSO punitive damages for Defendants' willful and malicious misappropriation to deter others from acting in kind;

(C) Permanently enjoin Defendants and all other persons in active connection or participation with Defendants from continuing to use the confidential information and

PLAINTIFF'S MOTION TO AMEND

materials Defendants wrongfully acquired from SPSO and that are either used in competition with SPSO and its licensees, or which use confuses the public;

 (D) Grant SPSO any other and further relief as this Court deems just and proper.

### Count III- Digital Millennium Copyright Act

 (A) Award SPSO costs and attorneys' fees under 17 U.S.C. § 1203;

 (B) Grant SPSO any other and further relief as this Court deems just and proper.

### Designation of Place of Trial

SPSO hereby designates Phoenix, Arizona as the place of trial of the above styled matter.

Respectfully submitted,

DATED: May 20, 2016

/s/Linda S. McAleer
Linda S. McAleer, Esq.
*Attorney for Plaintiff*

PLAINTIFF'S MOTION TO AMEND

11