# Exhibit E



Carlos Leyva <cleyva@digitalbusinesslawgroup.com>

## 1-2700591671 SPSO Website www.poolandspapartsnow.com

Copyright Office <cop-ad@loc.gov>　　　　　　　　　　　　　　　　　　　　　　　　Tue, Sep 20, 2016 at 2:47 PM
To: cleyva@digitalbusinesslawgroup.com

Dear Mr. Leyva:

I was assigned to this case and am writing regarding problems with the information on the application that must be resolved before the work can be registered.

First, the application states that SELLPOOLSUPPLIESONLINE.COM, LLC is the author and copyright owner, or claimant, of the work, but the name in the copyright notice on the copy is Pool and Spa Parts Now. Generally the name in the copyright notice is the copyright claimant. Further since the author of a work is the original copyright owner, Pool and Spa Parts Now may also be not only the name of the website, but the name of the author. Please clarify who created the content contained on the website that is part of the claim. Then provide the name of the copyright owner of that material, and if the name of the author is different from the name of the claimant, please provide a transfer statement that explains how the claimant came to be the copyright owner. And finally, if the name of the copyright owner is not the same as the name in the copyright notice, please explain the variance.

When I receive the answers to these questions, I will advise you on further problems with the claim.

Please note that if we do not receive a response to this message within 20 days, we will close this case without processing your registration or notifying you further, and forward your deposit copy under the provisions of the current copyright law. The fee is not refundable. If you re-apply for registration after the case is closed, you must send a new application, copy and fee. The effective date of registration will be based on the new submission.

Sincerely,

Janet E. Alger
Copyright Examiner
Literary Division


When replying to this email, please include the following thread id (entire line) within the body of your response to expedite routing to the correct office.

[THREAD ID:1-1UCR7EG]



September 23, 2016

SENT VIA EMAIL

Janet E. Alger
Copyright Examiner
Literary Division
U.S. Copyright Office
101 Independence Avenue S.E.
Washington, D.C. 20559-6000

Re: 1-2700591671, SPSO Website, <www.poolandspapartsnow.com>

Dear Ms. Alger,

      I am writing to you in response to correspondence you sent on September 20, 2016 regarding application number 1-2700591671 ("Application"). *See* Exhibit A, U.S. Copyright Office correspondence dated September 20, 2016 ("Correspondence"), attached hereto and incorporated herein by reference.[1] It is my understanding that your Correspondence raises two principal questions about the Application: (1) how SellPoolSuppliesOnline.com, LLC ("SPSO") came to own the work in question; and (2) why the name "Pool and Spa Parts Now" was used on the copyright notice of the work. The remainder of this letter answers these questions.

Background

      SPSO facilitates the online presence and online store of numerous swimming pool contractors and parts suppliers throughout and around Arizona by licensing its website platform ("Platform"), located on the Internet at www.sellpoolsuppliesonline.com. The Platform consists of, *inter alia*, a compilation of programs, representations, originally authored works and writings, computer architecture and design, which provide SPSO licensees the infrastructure to configure, implement, and maintain fully functional and attractive websites based on the Platform that are personalized to each customer's business, incorporate and effectively use search engine optimization, and provide "drop-ship" delivery that dispenses with the need to maintain inventory.

---

[1] All exhibits are attached hereto and incorporated herein by reference unless otherwise noted.

## Ownership

Aaron and David Hagen ("the Hagens") are the sole members of SPSO, personally owned all of the text, photographs, and computer programs claimed in the Application ("Claimed Expression"). The Hagens considered the Claimed Expression contributed property ("Contribution") when they formed SPSO and subsequently executed a transfer agreement formalizing said Contribution. *See* Exhibit B, transfer agreement between the Hagens and SPSO. Therefore, it is undisputed that SPSO is the rightful owner of the Claimed Expression.

## Notice

The Hagens created the Claimed Expression on a "live demo site" ("Demo Site") on the Internet at www.poolandspapartsnow.com ("Domain Name"). *See* Exhibit C, the Hagens' Demo Site. The Demo Site was designed to process orders in exactly the same manner that any other SPSO licensee would process orders. In short, the Demo Site was used as a sales tool and showcase for SPSO to demonstrate the capabilities of its Platform to prospective customers. As non-lawyers, the Hagens did not recognize the fact that the copyright notice should have contained SPSO's name instead of what amounts to a fictitious name. Every time SPSO sold an instance of its Platform, it would assign the new licensee a Domain Name that it owned and hosted on its Platform. It adopted the same convention with respect to the copyright notice that it had used for the Demo Site (i.e. the copyright notice contained the new Domain Name instead of SPSO's name). *See* Exhibit D, an example of one of SPSO's licensees.

SPSO hosted the sites of all its licensees and also owned all of the Domain Names that were assigned to same. So as a practical matter, SPSO created a series of fictitious names adding a new one every time a license was sold. Although this may not have been technically correct with respect to the copyright notice, the U.S. abandoned technical requirements with the Berne Convention Implementation Act of 1988.

## Conclusion

      I certainly understand the confusion that this may have caused the Copyright Office and hope that my response clarifies the issues so you can proceed with the registration. Further, because this registration is implicated in pending litigation, it is my hope that we can clarify any remaining questions in an expeditious manner without further delay. Should you have further questions you can reach me at the email address or phone number listed below.

Sincerely,

*[Signature: Carlos Leyva]*

Digitally signed by Carlos A. Leyva, Managing Shareholder
DN: cn=Carlos A. Leyva, Managing Shareholder, o=Digital Business Law Group, P.A., ou, email=cleyva@digitalbusinesslaw group.com, c=US
Date: 2016.09.23 12:19:48 -04'00'

Carlos A. Leyva
Managing Shareholder
The Digital Business Law Group, P.A.
Phone: (800) 516-7903
Fax: (800) 257-9128
cleyva@digitalbusinesslawgroup.com

cc: DBLG, P.A.
    File



Carlos Leyva <cleyva@digitalbusinesslawgroup.com>

## Acknowledgement of Uploaded Deposit

**Carlos Leyva** <cleyva@digitalbusinesslawgroup.com>  Tue, Oct 4, 2016 at 7:48 AM
To: Copyright Office <cop-rc@loc.gov>
Cc: Martin Gwynn <mfgwynn@tampabay.rr.com>

[THREAD ID: 1-1UMR8DT]
Ms. Alger,

This is my second email regarding paying the $850.00 expedite fee for this application. I am going to ask my assistant to attempt to reach you by telephone to discuss. As I mentioned in my previous email, currently this application is holding up pending litigation and that is why need to move fast.

Best regards,


Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone:  (800) 516-7903
Fax:     (800) 257-9128
[Quoted text hidden]



Carlos Leyva <cleyva@digitalbusinesslawgroup.com>

### Acknowledgement of Uploaded Deposit

**Copyright Office** <cop-rc@loc.gov>  Tue, Oct 4, 2016 at 12:39 PM
To: cleyva@digitalbusinesslawgroup.com
Cc: Martin Gwynn <mfgwynn@tampabay.rr.com>

Dear Mr. Leyva,

Thank you for submitting the extensive material in response to my questions, but it is not clear to me from your letter how the questions have been answered. Please review the questions below and respond with the answers to the specific questions.

First, the application states that SELLPOOLSUPPLIESONLINE.COM, LLC is the author and copyright owner, or claimant, of the work, but the name in the copyright notice on the copy is Pool and Spa Parts Now.

Is the name in the copyright notice on the deposit copies correct or incorrect?

Is the name of the copyright owner of the material being registered SELLPOOLSUPPLIESONLINE.COM, LLC as is named on the application, or is the copyright owner Pool and Spa Parts Now as is stated in the copyright notice?

Second, if the work is owned by SELLPOOLSUPPLIESONLINE.COM, LLC, was it also created by the employees of that company?

On the other hand, if the work is owned by Pool and Spa Parts Now, was it also created by the employees of that entity?

In either case, if the name of the author is not also the same as the name of the copyright owner, or claimant, then a transfer statement, such as "by written agreement" must be added to the application. If the name of the author and the claimant are the same, then no transfer statement is needed.

Finally, you refer in your email below to the paying of the $850 expedited special handling fee, but I do not see that you have paid any such fee, rather only the $55 processing fee. If there is a problem with the fees that you have paid, I suggest that you contact the Copyright Public Information Office at 202-707-5959 to speak with the Accounting Department.

Sincerely,

Janet E. Alger


When replying to this email, please include the following thread id (entire line) within the body of your response to expedite routing to the correct office.

[THREAD ID:1-1UMR8DT]

-----Original Message-----

From:  cleyva@digitalbusinesslawgroup.com
Sent:  10/4/2016 7:48:41 AM
To:  Copyright Office <cop-rc@loc.gov>
Cc:  Martin Gwynn <mfgwynn@tampabay.rr.com>
Subject:  Re: Acknowledgement of Uploaded Deposit

[Quoted text hidden]