# Exhibit Q



Carlos Leyva <cleyva@digitalbusinesslawgroup.com>

---

## SPSO Website Registration Attention: Agent Janet E. Alger

**Carlos Leyva** <cleyva@digitalbusinesslawgroup.com>  Thu, Nov 17, 2016 at 3:55 PM
To: Copyright Office <cop-rc@loc.gov>
Cc: jalg@loc.gov

See responses below in **blue bold**.

Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone:   (800) 516-7903
Fax:      (800) 257-9128

On Thu, Nov 17, 2016 at 2:55 PM, Copyright Office <cop-rc@loc.gov> wrote:
> Hi Carlos,
>
> I am Janet Alger's supervisor here at the United States Copyright Office. I have taken this case over from her. There are a few more things we need to do before we can process your claim. First, I want to confirm in this email all of the updates we have made to your original application. Second, we will need some additional deposit material from you if you wish to register the HTML code for the website. I will explain why and how to get this material to us quickly. Please note that, as a general rule, we do not review legal documents provided by applicants to support facts on registration applications. However, I did ask one of our Attorney Advisors and our Deputy Director to review the affidavit you emailed on November 16, 2016, confirming that the work deposited was the first published version of the website.
>
> A) The application as originally submitted listed SELLPOOLSUPPLIESONLINE.COM, LLC as the sole author and claimant of "text, photographs, computer program." In subsequent emails with Janet, you explained that this information was incorrect and the following changes were made to your application:
>
> 1) You confirmed that Aaron Hagen and David Hagen were joint authors of the work. You stated their authorship was the photographs and the "computer program" and authorized Janet to update the record accordingly. We will return to computer program claim later, but please also confirm: did the Hagens also author the text that you included on the original application, or should "text" be removed from the registration?

**It was the photographs and the computer code related to the photographs that enabled the latter to present a 360 degree view of the product to a prospective customer. The Hagens also provided text descriptions of the products. That is the extent of the claim. Much of the website code is licensed from a third party (i.e. BigCommerce) and obviously SPSO makes no claims with respect to that.**

> 2) You also confirmed that SELLPOOLSUPPLIESONLINE.COM, LLC was the sole claimant via written agreement with the authors. You authorized Janet to add "by written agreement" to the transfer statement space in the record, which was left blank on the original application.

**That's correct we provided Janet a transfer agreement from the Hagens to SPSO transferring all right, title, and interest to the latter.** '

> B) The signed affidavit that you provided states that the website was completed on June 25, 2014 and published on July 3, 2014. The original application lists the Year of Completion as 2015 and the date of first publication as August 36, 2015. Please confirm that we should update the information on your original

> application with that which is provided in the affidavit. Please do note that the copyright notice on the bottom of each webpage submitted as deposit material bears the year 2015.

**Yes the information should be updated as per the affidavit. We apologize for the confusion but in the heat of battle our clients don't always gives us the correct information at the onset. We have had to probe quite a bit to figure out who owned what. Initially we were NOT even aware that SPSO had licensed Bigcommerce. That came out as the litigation progressed.**

> C) The application includes a claim in computer program. You have confirmed that the authors jointly created the code that runs the website, but you do not appear to have submitted the correct deposit for the code. Before we can proceed, we will need a copy of the entire HTML code for the work as first published on July 3, 2014, the new date of first publication provided in the signed affidavit ((See 1006.1(A) HTML Code in the Compendium of Copyright Office Practices, 3)

**The HTML code has actually already been submitted. If you do view source on the version that you have you can see ALL the HTML that supports our client's claims. Previously we have submitted websites in this manner because we were requested to do so by the USCO. For example, we would be asked for a mirror of the website that the USCO could run "locally" on one of your devices. We used the same program (HTTrack) to create the mirror this time. The latter is publicly available and captures both the pages (i.e. the screen displays) BUT also the html.**

> We will also need your authorization to change the claim in "computer program" to "HTML code." The reason for this is that HTML does not constitute source code and is therefore not registered as a computer program. HTML code is a markup language that merely formats the text and files on a webpage in much the same way that the codes in a word processing program format the characters and spaces in a document.

**Sure, EXCEPT it is NOT all just HTML, some of it is javascript (e.g. I believe that is what supports that "magic" of making the products rotate 360 degrees). Javascript is most certainly code in the sense that it is a client programming language. In short, as it pertains to the photographs my client is claiming both HTML and CODE.**

> The attached document includes instructions for uploading the HTML code to your preexisting record.

> Please be sure to respond to each part of this message to avoid further delays, and ask any questions. We're almost there!

**Please advise, given how I have responded above, whether or not you still need the HTML and Javascript in a separate deposit. I would be happy to attest in the form of an affidavit that it is in fact ALL THERE.**

**BTW, I don't see any attached document. Perhaps you forgot to attach it or it disappeared in the "bit bucket."**

**Finally, we appreciate your patience in working with us on this matter. I believe that some things have changed at the USCO from the manner I was accustomed to registering websites and I will be more diligent in the future with respect to compliance with these requirements. It is possible that changes were announced and I just "didn't get the memo;" I accept full responsibility for that!**

[Quoted text hidden]