# Exhibit CC

Carlos Leyva <cleyva@digitalbusinesslawgroup.com>

## SPSO Website Registration Attention: Agent Janet E. Alger

**Copyright Office** <cop-rc@loc.gov>   Mon, Nov 21, 2016 at 10:55 AM
To: cleyva@digitalbusinesslawgroup.com
Cc: jalg@loc.gov

Hello,

For ease, I've pulled out the relevant sections of your email - I'll reattach the instructions for uploading the correct deposit material again. Please let me know if they do not come through - I see the attachment in my previous email, so perhaps it did not make it through. It is titled "Directions-new- to UPLOAD etc." Please note that I can offer no exceptions to the deposit requirements. If you cannot provide the correct deposit for the website and the computer program embedded within it, we can either remove the claims in "computer code" from the record and register the text and photographs, or we can refuse the registration.

1) "It was the photographs and the computer code related to the photographs that enabled the latter to present a 360 degree view of the product to a prospective customer. The Hagens also provided text descriptions of the products. That is the extent of the claim. Much of the website code is licensed from a third party (i.e. BigCommerce) and obviously SPSO makes no claims with respect to that."

You state "much of the website code is licensed from a third party." Are you claiming in ANY of the HTML code, then? If the answer is yes, some of the code, then the claim in the HTML code must be limited to only that which the authors named on the application created. The licensed code must be excluded. The way this is achieved on the application is by entering "HTML code licensed by..." Etc. in the Material Excluded from this Claim space.

Perhaps ALL of the code running the actual website is licensed - if you did not intend to register ANY HTML code, then confirm this in your reply. You can still register any computer program they created and embedded in the website, if they are the authors of the source code.

2) "The HTML code has actually already been submitted. If you do view source on the version that you have you can see ALL the HTML that supports our client's claims. Previously we have submitted websites in this manner because we were requested to do so by the USCO. For example, we would be asked for a mirror of the website that the USCO could run "locally" on one of your devices. We used the same program (HTTrack) to create the mirror this time. The latter is publicly available and captures both the pages (i.e. the screen displays) BUT also the html."

I cannot speak to previous registrations or information that you were given. I am only working on this case, and the Deputy Director was quite clear on this point: if you wish to register the HTML code behind the website, you MUST follow the deposit requirements. All further deposit material you supply must have been first published on the date in your affidavit since you have confirmed that the screen shots we received represent the first published version of the work.

Compendium III is concise about the requirements for HTML code for a website:

1010.6(E) HTML Code
To register the HTML code for a website, the applicant must deposit the entire HTML code.

3) "Sure, EXCEPT it is NOT all just HTML, some of it is javascript (e.g. I believe that is what supports that "magic" of making the products rotate 360 degrees). Javascript is most certainly code in the sense that it is a client programming language. In short, as it pertains to the photographs my client is claiming both HTML and CODE."

That's fine – this is considered a computer program contained within a website. Then we'll need the correct deposit for that computer program. Here are the relevant sections from CIII:

1010.6(F) Computer Programs Contained or Embedded Within a Website
To register a computer program that is contained or embedded within a website, the applicant must submit the appropriate deposit material for that type of work. For a discussion of the deposit requirements for computer programs, including derivative computer programs and programs that contain trade secret material, see Chapter 1500, Section 1509.1(C).

Computer programs are ALSO discussed in section 721 of the Compendium, and the deposit requirements are discussed in section 1500.  Below is the relevant section from 1500 – please note that I did NOT include the section about derivative computer programs because you have submitted a signed affidavit from your client stating that what you are seeking to register is the first published version of the website,.

1509.1(C)(1) Source Code

To register a claim in a computer program that is not fixed in CD-ROM, the applicant should submit an identifying portion of the source code for the specific version of the program that the applicant intends to register, regardless of whether the program is published or unpublished and regardless of whether the program is fixed in a semiconductor chip, a magnetic tape or disk, or any other storage media. The source code should be submitted either on paper or in an electronic file in a form that is perceptible to the human eye without the aid of a machine or device. See 37 C.F.R. § 202.20(c)(2)(vii).
The applicant may submit the entire source code for the computer program, or in the alternative, the applicant may submit representative portions of the source code. The amount of code that is required varies depending on whether the work is a derivative computer program or whether the program contains trade secret material. These issues are discussed in Sections 1509.1(C)(2) through 1509.1(C)(4) below.

In all cases, applicants should add the title and version number of the program to the first page of the code. This helps the Registration Program determine whether the version described in the application matches the version shown in the identifying material. To help staff determine whether a sufficient amount of code has been submitted, applicants may insert page numbers on each page of source code where applicable.

The applicant does not need to provide the total number of lines of source code that appear in the program. However, if there are inconsistencies in the identifying material, such as missing page numbers or gaps between the line numbers for the source code, a member of the Registration Program may communicate with the applicant to determine whether the deposit is complete.
See H.R. REP. NO. 94-1476, at 153 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5769 (authorizing the Register of Copyrights to "allow or require deposit of print-outs of computer programs under certain circumstances"); see also Registration of Claims to Copyright Deposit Requirements for Computer Programs Containing Trade Secrets and for Computer Screen Displays, 54 Fed. Reg. 13, 173, 13,174-75 (Mar. 31, 1989).

[THREAD ID:1-1UMR8DT]

-----Original Message-----
From: cleyva@digitalbusinesslawgroup.com
Sent:  11/17/2016 3:55:47 PM
To:  Copyright Office <cop-rc@loc.gov>
Cc:  jalg@loc.gov
Subject:  Re: SPSO Website Registration Attention: Agent Janet E. Alger
[Quoted text hidden]

**Directions-new- to UPLOAD etc.doc**
30K

Carlos Leyva <cleyva@digitalbusinesslawgroup.com>

## SPSO Website Registration Attention: Agent Janet E. Alger

**Carlos Leyva** <cleyva@digitalbusinesslawgroup.com>  Mon, Nov 21, 2016 at 2:01 PM
To: Copyright Office <cop-rc@loc.gov>
Cc: jalg@loc.gov, Martin Gwynn <mfgwynn@tampabay.rr.com>, John Nelson <jnelson@digitalbusinesslawgroup.com>, Linda McAleer <linda@lindamcaleer.com>

[THREAD ID:1-1UMR8DT]

Ms Alger,

My client is no longer interested in registering the code therefore I believe there is *no need for a separate deposit*. Please confirm.

We are obviously still interested in registering the website as is with the current deposit and the with modifications to the application already agreed to.

I believe there should be no additional outstanding questions, but if there are I am more than happy to address them ASAP.

Regards,

Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone:  (800) 516-7903
Fax:    (800) 257-9128

[Quoted text hidden]

