Jason M. Venditti (#022073)
**PETRIE & VENDITTI, PLC**
20860 N. Tatum Blvd. Suite 300
Phoenix, Arizona 85050
Ph: (480) 771-3986
Fax: (480) 771-7101
Email:  jvenditti@pvlawgroup.com

Attorneys for Defendants Ugly Pools Arizona, Inc. and Brian Morris

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SELLPOOLSUPPLIESONLINE.COM, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>UGLY POOLS ARIZONA, INC. an Arizona corporation; and BRIAN MORRIS, an individual,<br><br>Defendants. | CASE NO.: 2:15-CV-01856-PHX-PGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO ORDER CANCELLATION OR AMENDMENT OF PLAINTIFF'S COPYRIGHT REGISTRATION** |

Defendants hereby file this Reply in support of their motion for the Court to order Plaintiff to cancel or amend its copyright registration.  For the reasons set forth herein, as well as in the underlying motion, Defendants request should be granted.

**Plaintiff's Post-July 2014 Revisions in the Deposit Added Copyrightable Material.**

Generally, copyrightable revisions to online works that are published on separate days must each be registered individually, with a separate application.   "The version of the work

that is deposited should be the same version described on the application; thus the title and dates on the application should correspond with those on the deposit copy." See Copyright Circular 66, p.2, attached as Exhibit G to Motion to Cancel, (Doc. #53). Registration of a revised version covers only the new or revised material added. *Id.*

Plaintiff admits the Deposit was created from Plaintiff's website as it existed on or about **August 26, 2015**. *See* Plaintiff's Response, p. 5, n.4 (Doc. #56). Yet, the date on Plaintiff's registration does not correspond, and instead lists July 3, 2014 as the publication date. *See* Motion to Cancel, Exhibit B (Doc. #53). The question is whether Plaintiff's Deposit includes copyrightable material added *after* July 3, 2014, thereby making the Deposit a **revised version** of the July 3, 2014 work.[1]

Plaintiff's Response avoids discussing the material that was actually added, namely: (1) the Nemo product line added in October 2014, and (2) the Contact Us Webpage that was added and last updated in January 2015. See Motion to Cancel, pp. 6-7 (Doc. #53). Instead, Plaintiff argues any update was "trivial." *See* Response, pp. 9-10 (Doc. #56).

The Nemo product line added in October 2014 includes new photographs that exist in the Deposit but were not in the July 3, 2014 version of the website. *See* Motion to Cancel, page 7, and Exhibits M-1, -2, and -3; N-1, -2, and -3; and O; *see also* Exhibits 1, 2, and 3, attached hereto. The photographs are copyrightable material. As even Plaintiff acknowledges,

---

[1] Plaintiff admits the Copyright Office raised this as a "potential issue." See Response, page 5.

photos have been copyrightable subject matter for over one hundred years.[2]  *See* Response, p.8 (Doc. #56).

### Plaintiff's Deposit Was Its Entire Website.

Plaintiff argues that its limitation of the registration to text and photographs means that it was not trying to register the entire website, and was only submitting the text and photographs through the website "medium."  *See* Response, p.6.  This argument is false for several reasons.  First, the copyright registration is for an entire website – its title is "SPSO website www.poolandspapartsnow.com."  *See* Motion to Cancel, Exhibit B (Doc. #53).  Second, the Hagen Affidavit submitted to the Copyright Office literally defines the Platform as a website, s*ee* Response, p.5, line 8 (Doc. #56), and declares (falsely) that "[t]he sample of the Platform provided to the United States Copyright Office with SPSO's Copyright application is the same as the website first appeared when published on July 3, 2014."  *Id., lines 16-18.*  Also, Plaintiff is suing Defendants for copying Plaintiff's website, not just some pictures and text.  *See* Amended Complaint (Doc. #39), paragraphs 10, 16, 18, and 21-22.  Plaintiff alleges that Defendants copied Plaintiff's Platform, which is the website www.poolandspapartsnow.com.  *See* Plaintiff's Response to Defendants' Motion for Summary Judgment, pages 1-2 (Doc. # 49).  Plaintiff is claiming damages based on the price of a license

---

[2] If the Plaintiff's initial photographs are an original copyrightable work, then it logically follows that the additional photographs added to the Deposit were not "minor editorial changes," but were copyrightable changes to the original work.   Indeed, if these new photographs added by Plaintiff were mere "minor editorial changes" which lack the originality to meet the definition of a copyrightable work, as Plaintiff tries to argue, then none of Plaintiff's photographs would be copyrightable works. See Plaintiff's Response, p. 10.

3

for the Platform website, not just pictures and text.  *See* Plaintiff's Reply in support of its Motion for Summary Judgment, page 7, lines 16-19 (Doc. #51).

Finally, even assuming that Plaintiff needed to consider updates only for pictures and text when submitting an entire website in a deposit – *Plaintiff cannot claim a publication date of July 3, 2014 because copyrightable pictures were added to the deposit in October 2014.* The original collection of pictures may have had a first publication date of July 2014, but the collection of pictures as revised in the Deposit had a first publication date of October 15, 2014 or later.  Only the newest pictures in the Deposit could be claimed.

Plaintiff is correct that Plaintiff could have used another medium and just submitted individual photos to the copyright office for registration.  *See* Response, page 6 (Doc. #56). However, Plaintiff chose not to do so, presumably because damages for its unregistered product photos would have been negligible or nonexistent.  Instead, Plaintiff registered an entire website – its "Platform" – in order to be able to claim the damages that came along with infringing Plaintiff's entire website, e.g., its price for a website license.  It just turns out that most of Plaintiff's website was not created by Plaintiff, and Plaintiff did not submit a Deposit of the Platform as it existed on July 3, 2014.

**Plaintiff's Alleged Publication Date in Its Complaint Is Irrelevant.**

Plaintiff argues that it never tried to defraud the Copyright Office because it alleged in its Complaint and Amended Complaint, as well as its deposition testimony, that the Platform was first published in July 2014.  *See* Response, pages 3-4 (Doc. #56).  This is not the same issue as Plaintiff's fraud upon the Copyright Office.  The issue with the Copyright Office is

the publication date of the *Deposit*, i.e., when the Deposit last had a copyrightable update. Plaintiff originally told the Copyright Office that the Platform in the Deposit had a publication date in August 2015.  *See* Motion to Cancel, Exhibit A (Doc. #53). Plaintiff had lengthy back-and-forth correspondence with the Copyright Office and plenty of opportunity to change the Deposit's publication date.  It was only when Defendants filed a Motion for Summary Judgment that Plaintiff finally decided to submit a false Affidavit to the Copyright Office and state that the Deposit was "the same as the website first appeared when published on July 3, 2014."

**Defendants' Motion Disposes of, or Weakens, Plaintiff's Copyright Claim.**

Plaintiff argues that Defendants' Motion is moot because Plaintiff may proceed with its copyright claim even in the absence of a registration.  Plaintiff is incorrect for many reasons. First, as a generally applicable rule, a canceled registration means that Plaintiff loses the presumption of copyright validity and ownership (and Plaintiff would have an interesting time explaining to a jury why Plaintiff should be allowed to enforce a copyright that was canceled as a result of Plaintiff's fraud).

Second, the absence of a registration means that Plaintiff only has its application, which lists a publication date of August 2015.  Plaintiff has never disagreed with the legal premise of Defendants' Motion for Summary Judgment, namely, that a work first published in 2015 cannot be the basis for a copying that occurred in 2014.  Cancellation of the registration leads to Plaintiff only having an application with a toothless first publication date, and therefore Defendants prevail on Plaintiff's copyright claim.

Third, Defendants' Motion explicitly requests, for either its cancellation or amendment remedy, that the Court recognize that the first publication date for Plaintiff's registration is October 2014 or later, the date that Plaintiff added the non-infringed Nemo products to the Platform.  Again, Defendants would prevail for the same, undisputed rationale in Defendants' Motion for Summary Judgment – Defendants cannot infringe in September 2014 a work that was completed and first published in October 2014 or later.  Plaintiff can only register the most recent copyrightable update – the Nemo products – and it is undisputed that Defendants never copied the pictures or text for these products because they are alleged to have downloaded the contents for their duplicate site in September 2014.

Finally, the Copyright statutes forbid a plaintiff from prevailing when the plaintiff has knowingly given the Copyright Office materially inaccurate information during application and the information appears in the registration.  17 U.S.C. § 411(b)(1).  The Copyright Office has the task of advising the Court whether the inaccurate information is material, i.e., whether the inaccuracy of the information, if known, would have caused the Copyright Office to refuse registration.  17 U.S.C. § 411(b)(2).

Plaintiff's knowledge of the inaccurate material in the Deposit is uncontested - Plaintiff and Plaintiff's counsel have submitted declarations but neither include a statement that they accidentally failed to mention to the Copyright Office the Nemo products, Contact Us webpage, or other post-July 2014 updates included in the Deposit.  And, the Copyright Office will undoubtedly find that these updates would have caused the Copyright Office to refuse registration of Plaintiff's version of the work that was published in July 2014.   In the event

that the Court finds in resolving this motion that Plaintiff knowingly submitted inaccurate information to the Copyright Office during the application process, *see* § 411(b)(1), and for some reason does not grant Defendants' Motion for Summary Judgment, Defendants hereby request (if the Court does not act *sua sponte*) that the court request the Register of Copyrights to advise the Court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

**Plaintiff's Argument Was Rejected by the Copyright Office.**

Plaintiff argues, as it did to the Copyright Office, that it had the right to deposit an updated version of the Platform and register the Platform's older content because otherwise a copyright owner would never be able to register original website content after making website updates. *See* Response, p.11, lines 13-18. Plaintiff is correct that it made that argument to the Copyright Office in its request for "special dispensation"– but the argument fell on deaf ears and its request was rejected. Thus, Plaintiff was not able to secure a July 3, 2014 publication date by its legal argument. Instead, Plaintiff obtained what it wanted *only* after it gave up arguing and submitted a false declaration about the contents of its Deposit.

**Conclusion.**

The Copyright Office's position, through its literature and this Registration's examiners, is clear and consistent – a registration of a revised website may only claim the most recent copyrightable material in the deposit. Plaintiff lied to the Copyright Office about the date of the most recent copyrightable material in its Deposit. Plaintiff's registration should be cancelled or amended.

7

RESPECTFULLY SUBMITTED this 17th day of January, 2017.

**PETRIE & VENDITTI, PLC**

By: */s/ Jason M. Venditti*

Jason M. Venditti
20860 N. Tatum Blvd., Suite 300
Phoenix, Arizona 85050
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2017, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

A courtesy copy of the Notice of Electronic Filing was also mailed on this same date to the following address:

Carlos Leyva
Digital Business Law Group PA
1001 Starkey Rd., Ste. 18
Largo FL 51017
cleyva@digitialbusinesslawgroup.com
Attorney for Plaintiff

Linda S. McAleer
Digital Business Law Group
530 B St., Ste. 1550
San Diego CA 92101
lsmnotices@gmail.com
Attorney for Plaintiff

                      */s/ Jason M. Venditti*
By: _____
                Jason M. Venditti, Esq.