Carlos A. Leyva, FL Bar No. 51017
Linda S. McAleer, CA Bar No. 249233
Digital Business Law Group, P.A.
3958 Talah Dr.
Palm Harbor, FL 34684
Tel: (800) 516-7903
email: cleyva@digitalbusinesslawgroup.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SellPoolSuppliesOnline.com, LLC,<br><br>Plaintiff<br><br>v.<br><br>Ugly Pools Arizona, Inc.; Brian Morris, an individual<br><br>Defendant | CASE NO.: CV-15-01856-PHX-PGR<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT** |

1. Plaintiff, SellPoolSuppliesOnline.com ("SPSO") facilitates the online presence and online store of numerous swimming pool contractors and parts suppliers throughout and around Arizona by licensing its website platform ("Platform"), located on the Internet at www.sellpoolsuppliesonline.com. *See* Exhibit1, Declaration of Aaron Hagen ("Hagen Decl.") ¶3.

2. The Platform consists of, *inter alia*, a compilation of programs, representations, originally authored works, writings, hundreds of photos taken by the principals of SPSO, and computer architecture and design, which provide SPSO licensees the

infrastructure to configure, implement, and maintain fully functional and attractive websites based on the Platform that are personalized to each customer's business, incorporate and effectively use search engine optimization ("SEO"), and provide "drop-ship" delivery that dispenses with the need to maintain inventory. *See* Exhibit 1, Hagen Decl. ¶4.

3. SPSO spent three (3) years and hundreds of thousands of dollars to develop the Platform. *See* Exhibit 1, Hagen Decl. ¶5.

4. SPSO first published the Platform on or about July 3, 2014. The SPSO Platform is password protected and available only to licensees who register and pay for use and access. *See* Exhibit 1, Hagen Decl. ¶6.

5. In or about mid-July 2014 Plaintiffs employed Mark Kesler ("Kesler") as a salesperson. *See* Exhibit 2, Deposition of Mark Kesler ("Kesler Depo.") 20:19-22, 21:13-15.

6. It was Kesler's job to sell licenses to use the Platform. These licenses sold for on average $15,000. *See* Exhibit 2, Kesler Depo. 20:19-22, 53:14-16; *See also* Exhibit 1, Hagen Decl. ¶6.

7. Plaintiffs additionally charged monthly maintenance fees and required licensees to host their sites on SPSO servers. *See* Exhibit 6, AllPoolAndSpaParts.com Website Platform Subscription Agreement signed by Mark Kesler (admitted as exhibits to both Kesler and Morris depositions).

8. Kesler was paid a commission for each license he sold and ultimately purchased a license for use on his own site, "www.allpoolandspaparts.com" ("Kesler's site"). *See* Exhibit 2, Kesler Depo. 32:7-9, 53:17-18.

9. The license was exclusively for "www.allpoolandspaparts.com" and pursuant to its terms, was subject to the SPSO Terms of Service. *See* Exhibit 6, page 2, AllPoolAndSpaParts.com Website Platform Subscription Agreement.

10. The Terms of Service, provided in relevant part, "Subscribers are provided use, NOT ownership, of a pre-constructed website hosted by SPSO, and accessed through a domain name provided by SPSO." *See* Exhibit 6 page 6, Terms of Service ¶ 1.

11. The Terms of Service further provided "You shall not modify, alter, copy, distribute, transmit, display, reproduce, publish, license, broadcast, create derivative works from, transfer, or sell, SPSO Content. Systematic retrieval of data or other SPSO Content from the Platform or www.sellpoolsuppliesonline.com to prepare any collection, compilation, database, or directory is strictly prohibited." *See* Exhibit 6 page 8, Terms of Service ¶10(C).

12. Under the Terms of Service, subscribers did not have the right to "assign, by contract, operation of law or otherwise, the license or any of the rights, interests, or obligations" thereunder. *See* Exhibit 6 page 12, Terms of Service ¶17(B).

13. At some point in mid-2014, Kesler introduced his friend, Brian Morris, owner of Ugly Pools Arizona, Inc. and the trade name "We Fix Ugly Pools" (hereinafter "Defendants" or "WFUP") to SPSO as a potential licensee. *See* Exhibit 2, Kesler Depo. 59:12-17.

14. Defendants are in the business of building and remodeling swimming pools, as well as selling pool supplies and accessories in and around greater Maricopa County. *See* Exhibit 3, Deposition of Brian Morris ("Morris Depo.") 8:18-19, Exhibit 2, Kesler Depo 20:7-8.

15. Defendants represented themselves to SPSO as prospective customers/licensees who were honestly considering the license of SPSO's Platform in order to create a website for their business based on same. *See* Exhibit 1, Hagen Decl. ¶7, *see also* Exhibit 2, Kesler Depo 54:17-22, 59:14-15.

16. Defendants were provided access to Kesler's copy of the server for the limited purpose of familiarizing themselves with the Platform and to assist Defendants in making a purchasing decision. Defendants were aware they would have to purchase a license to be authorized to have further access to the Platform, to use it commercially, and that the SPSO license governed the nature of their use of the Platform. *See* Exhibit 5, Deposition of Aaron Hagen ("Hagen Depo.") 67:7-68-7.

17. Defendants were in close contact with Kessler and SPSO management and pressed for very detailed, confidential information about SPSO's Platform and its underlying functionality under the pretense of purchasing a license and entering into a long term commercial relationship for maintenance and support with SPSO. *See* Exhibit 5, Hagen Depo. 67:7-68:7, *see also* Complaint Exhibit A.

18. Unbeknownst to Plaintiff, Defendants and Kesler were working together and had formed a partnership in order for Defendant Morris to manage and redesign Kesler's Site. *See* Exhibit 2, Kesler Depo. 37:4-7.

19. Defendants have admitted to accessing SPSO's Platform by logging into SPSO's server and downloading a complete copy of SPSO's Platform, on or about September 14, 2014. *See* Exhibit 3, Morris Depo. 88:3-12; *see also* Complaint Exhibit B.

20. After a complete copy of SPSO's platform was downloaded, Defendants immediately ceased all communications with SPSO. *See* Exhibit 1, Hagen Decl. ¶ 8.

21. Nearly a year later, Plaintiffs discovered Defendants had published a website located at www.allpoolsupplies.com, ("APS") which was nearly identical to the Platform. *See* Exhibit 7, email from Aaron Hagen to Brian Morris regarding his discovery of APS; *see also* Complaint exhibits C, D, E, F showing identical images and arrangement.

22. Defendants have admitted to copying the Platform and creating a derivative site, APS. *See* Exhibit 4, Defendants' response to Plaintiff's Request for Admissions, No.7-8; *see also* Exhibit 3, Morris Depo. 49:6-17.

23. Defendants have also admitted to going live with APS ostensibly as a "test site." *See* Exhibit 3, Morris Depo. 19:17-20:1 71:1-16.

24. However, the "test site" was launched live on the internet as a fully functioning site through which customers could, and did place orders. *See* Exhibit 3, Morris Depo. 19:13-16.

25. This site was live concurrent with Kesler's site, was independently hosted by Defendants (i.e. not on Plaintiff's server), and had a separate license through

BigCommerce for back end services. *See* <u>Exhibit 3</u>, Morris Depo. 19:13-16, 16:25-17:10.

26. In other words, it was not just a second URL that redirected customers to Kesler's site, a permissible use under Kesler's license, but rather, it was a completely independent, wholly unrelated, unlicensed site. *See* <u>Exhibit 2</u>, Kesler Depo. 52:9-15, 56:2-4.

27. Neither Defendants nor Kesler ever informed Plaintiff of their partnership, nor of their derivative use of the site. *See* <u>Exhibit 2</u>, Kesler Depo. 86:7-9; *see also* <u>Exhibit 3</u>, Morris Depo. 36:10-12.

28. While creating the derivative site ("Derivative Site"), Defendants wholly incorporated the original photos as published on July 3, 2014 and registered with the U.S. Copyright Office ("USCO") under registration number TX 8-268-803 into the Derivative Site and incorporated other content from the Platform into same. *See* <u>Exhibit 3</u>, Morris Depo. 44:1-10, 71; *see also* Complaint Exhibits E and F.

29. Registration number TX 8-268-803 remained a valid USCO registration post the USCO's response dated September 5, 2017. *See* Doc. 72.

30. Kesler's license was granted specifically for use on his site located at allpoolandspaparts.com. The license strictly limited use of the Platform. *See generally* <u>Exhibit 6</u>.

31. Defendants admit to never having seen, let alone reviewed Kesler's license which purportedly permitted them to replicate and publish, and "do whatever it took" to improve Kesler's site. *See* <u>Exhibit 3</u> Morris Depo. 64:21-65:1.

32. Had Defendants bothered to read the license, they would have discovered that any copying, derivative works, republishing of the Platform was prohibited. *See* Exhibit 6 page 8, Terms of Service ¶10(C).

33. While Defendants assert that they copied, altered, and published APS with the consent of Kesler, Kesler has denied granting consent to make a live copy of his site. *See* Exhibit 3, Morris Depo. 31:6-32:4; s*ee also,* Exhibit 2, Kesler Depo. 29:4-13.

34. Kesler did not have the right to copy the site or to publish a derivative site, therefore he could not have given such authorization to Defendants. Any such use exceeded the scope of Kesler's license. *See* Exhibit 6 page 8, Terms of Service ¶10(C).

35. SPSO discovered Defendants' infringing website on or about July 15, 2015 and promptly notified Defendants of infringement on that same day. *See* Exhibit 7, email from Aaron Hagan to Brian Morris dated July 15, 2015.

36. Defendants did not respond to SPSO's notification or otherwise communicate with SPSO regarding the theft of SPSO's property. *See* Exhibit 3, Morris Depo. 91:24-92:2.

37. SPSO never entered into any agreement, express or implied, with Kesler or Defendants that would permit Defendants to adapt or otherwise use the Platform. *See* Exhibit 5, Hagan Depo. 65:3-7; 66:19-21.

38. Neither Kesler nor Defendants ever discussed the legality of their actions with an attorney. *See* Exhibit 3, Morris Depo. 53:25-54:3.

39. Plaintiff's U.S. Copyright Office ("USCO") registration numbered TX 8-268-803 only registered "text and photographs." *See* <u>Exhibit 8</u>, USCO certificate of registration.

40. The Internet Archive ("IA") contains Plaintiff's photographs that were published on July 3, 2014; a representative sample of these same IA photographs were found to exist in the deposit Plaintiff provided the USCO as part of registration number TX 8-268-803, and likewise exist in Defendants' copy of Plaintiff's website taken prior to the commencement of this action. *See* <u>Exhibit 9</u>, Affidavit of Martin F. Gwynn; *see also* <u>Exhibit 10</u> Parts 1-3, comparison of photographs across the respective mediums.

Dated: September 27, 2017          **DIGITAL BUSINESS LAW GROUP, P.A.**

   /s/Linda S. McAleer
Linda S. McAleer, CA SBN 239233
3958 Talah Dr.
Palm Harbor, FL 34684
(800) 516-7903 Phone
(800) 257-9128 fax
Linda@lindamcaleer.com

ATTORNEY FOR PLAINTIFF
SELLPOOLSUPPLIESONLINE.COM, LLC