1    Jason M. Venditti (#022073)
     **PETRIE & VENDITTI, PLC**
2    20860 N. Tatum Blvd. Suite 300
     Phoenix, Arizona 85050
3    Ph: (480) 771-3986
     Fax: (480) 771-7101
4    Email:  jvenditti@pvlawgroup.com

5    Attorneys for Defendants Ugly Pools Arizona, Inc. and Brian Morris

6
                    THE UNITED STATES DISTRICT COURT
7
                      FOR THE DISTRICT OF ARIZONA
8
     SELLPOOLSUPPLIESONLINE.COM, LLC,          No.  CV-15-01856-PHX-BSB
9    an Arizona limited liability company,

10                            Plaintiff,        **DEFENDANTS' REPLY IN SUPPORT
                                                OF THEIR SECOND MOTION FOR
11   vs.                                        SUMMARY JUDGMENT**

12   UGLY POOLS ARIZONA, INC. an Arizona
     corporation; and BRIAN MORRIS, an
13   individual,

14                            Defendants.

15

16

17          Defendants hereby submit their Reply in support of their Second Motion for Summary

18   Judgment (Doc. 79).

19          Plaintiff has not contested any of the material facts supporting Defendants' Second

20   Motion for Summary Judgment.  Plaintiff does not dispute 45 of the 47 paragraphs asserted in

21   Defendants' Separate Statement of Facts.  (Doc. 80).  Of the two paragraphs that are disputed,

22

23

the first is essentially a legal disagreement over what constitutes "publication". *Compare* Defendants' Separate Statement of Facts ("DSSOF") and Plaintiff's Controverting and Supplemental Statement of Facts ("PCSSOF") ¶ 12.   (Doc. 80 at 3, Doc. 82 at 2).   The argument against the second disputed paragraph appears to be a non sequitur.   *Compare* DSSOF, PCSSOF ¶ 23 (Doc. 80 at 5, Doc. 82 at 3).

**Plaintiff's Introduction Adds Nothing New.**

Plaintiff's introductory remarks fill almost nine pages of Plaintiff's 17-page Response. The introduction  contradicts both the opinion of the Copyright Office and the Court's prior findings.   Even if the Court were inclined to reverse itself and overrule the Copyright Office, Defendants' prior briefing already addresses why Plaintiff still does not prevail even if it is legally correct on Copyright Office procedure.  To summarize:

1.  Even if Plaintiff is correct that "published" means the day Plaintiff's content was first sold or Plaintiff made a publicly available copy, Plaintiff sold a license in June 2014 and publicly reproduced the website in June 2014, **not** on July 3, 2014.  DSSOF ¶¶ 16, 17.  (Doc. 80 at 4).

2. Even if Plaintiff is correct that Plaintiff's website was first "published" on July 3, 2014, the most recent content in the Deposit was "published" in October 2014 or later. DSSOF ¶¶ 1-6 (Doc. 80 at 1-2).

3.   Even if Plaintiff were somehow permitted to exclude the most recently-added content in the Deposit in favor of claiming older content, Plaintiff never informed the Copyright Office that the Deposit included content added after July 3, 2014, and never

1   attempted to distinguish between the Deposit content published on July 3, 2014 and the

2   Deposit content published on some other date.    Defendants Controverting and Supplemental

3   Statement of Facts ("DCSSOF"), ¶¶ 44, 45.  (Doc. 85 at 9).

4        Plaintiff's other arguments are addressed below.

5   **Plaintiff's Application Was Inaccurate.**

6        The Court has already found that Plaintiff's application was inaccurate.  DSSOF ¶ 47.

7   (Doc. 80 at 9).   Despite claiming a first publication date of July 3, 2014, the Deposit included

8   copyrightable content that was added after July 3, 2014.  The additional copyrightable material

9   added after July 3, 2104 included the Nemo product photographs, the underlying Nemo

10  product 360 code, and the Contact Us webpage  DSSOF ¶¶ 1-6 (Doc. 80 at 1-2); DCSSOF, ¶

11  46 (Doc. 85 at 9).  Plaintiff has already admitted "it is undisputed" that the website submitted

12  to the Copyright Office included copyrightable material added after July 3, 2014.  (Doc. 68 at

13  5).

14  **Plaintiff Knew the Submitted Information Was Inaccurate.**

15       Plaintiff's heading states "The USCO Found No Intent to Deceive."  (Doc. 81, p.11,

16  PDF page 14 of 21).  The Copyright Office's opinion on Plaintiff's state of mind is irrelevant.

17  The Copyright Office rightfully never gave its opinion to the Court on Plaintiff's state of mind,

18  because the Court never asked.  Moreover, the Court and not the Copyright Office is tasked

19  with determining whether Plaintiff was aware that the application included inaccurate

20  information. *See* 17 U.S.C. § 411(b).

21       As the Court noted in its June 9, 2016 Order, "Plaintiff does not argue that it

22

23                                           3

1   unknowingly provided false information to the copyright office." (Doc. 64 at 24). Since that

2   time, Plaintiff has had multiple opportunities to deny it was aware of the Deposit's

3   copyrightable content added after July 3, 2014. Plaintiff 's briefing has never denied, and still

4   does not deny, that Plaintiff was aware of the additional copyrightable material, namely, the

5   Nemo product photographs, the underlying Nemo product 360-view code, and the Contact Us

6   webpage, all of which were added to the Deposit after July 3, 2014.   Nor could it so deny, as

7   Defendants pointed out in their Second Motion for Summary Judgment at pp. 6-9, and fn1.

8         Plaintiff argues that its July 3, 2014 "publication date assertions never wavered." (Doc.

9   81 at 14). Yet, Plaintiff did not bother to change the August 26, 2015 publication date in its

10  application even after being questioned at deposition how it could enforce an August 26, 2015

11  copyright against a 2014 infringement. DSSOF ¶ 14. It was only after Plaintiff was refused

12  "special dispensation" for a flawed deposit, and after Defendants' first motion for summary

13  judgment based on the August 26, 2015 publication date, that Plaintiff suddenly informed the

14  Copyright Office that the publication date in the application needed to be changed to July 3,

15  2014. DSSOF ¶¶ 36, 37, 38 (Doc. 80).

16         **The Status of Plaintiff's Registration Is Not Relevant to Defendants' Motion.**

17         The opinion of the Copyright Office  did not suggest canceling Plaintiff's existing

18  registration, because the Copyright Office legal counsel and Justice Department properly

19  limited the response to the question posed by the Court.  Whether the Copyright Office staff

20

21

22

23                                                          4

ever takes action to go back and *sua sponte* cancel Plaintiff's registration is not relevant.[1] Dismissing a lawsuit under Subsection 411(b) can be done regardless of the status of the underlying registration, just as a lawsuit can go forward even if a registration is cancelled.  17 U.S.C. 411(a). Registration does not confer copyright, nor can an erroneous registration take it away.  *Roberts v. Gordy*, 181 F. Supp.3d 997, 1014 (S.D. Fla. 2016).  However, the failure to properly register a work will preclude an infringement action predicated on that work.  *Id.*

**Enforcement of the Underlying Deposit Results in Dismissal.**

Plaintiff does not respond to Defendants' arguments that the Deposit's most recent copyrightable content, which is the only content Plaintiff could claim, was added after Defendants' alleged infringement.  Plaintiff has never alleged that Defendants are guilty of copying whatever most recent copyrightable update Plaintiff was permitted to claim in the Deposit.

**Enforcement of the Original Application Results in Dismissal.**

Enforcing the original August 26, 2015 first publication date and 2015 completion year would result in dismissal of the claim against Defendants' alleged 2014 copyright infringement.  *IMS Inquiry Manag. Sys, Ltd. v. Berkshire Inform. Sys., Inc*, 307 F. Supp.2d 521, 527 (S.D.N.Y.) (2004).

Plaintiff is correct that a publication date of July 3, 2014 would distinguish this case from *IMS*.  Indeed, this is presumably why Plaintiff chose to submit a false affidavit to the

---

[1] The Copyright Office is unlikely to step on the Court's toes by taking unilateral action on a registration in the middle of a lawsuit.

1   Copyright Office that changed the publication date for its underlying deposit.   However,

2   Plaintiff's *original* application had a publication date of August 26, 2015.   Assuming the Court

3   elects to enforce the original application, Plaintiff's copyright claim should be dismissed

4   because Defendants cannot have infringed in 2014 a work that was first completed and

5   published in 2015.  *Id.*

6   Enforcement of the original application is fair because Defendants were prejudiced by

7   Plaintiff secretly changing all of the information on the copyright claim.   Defendants original

8   dispositive motion had multiple grounds for summary judgment on Plaintiff's copyright claim,

9   based on the authors, the means of ownership, the year of completion, the date of first

10  publication, the material excluded from claim, and the new material included in the claim.

11  Contrary to Plaintiff's argument, none of the grounds relied on whether "pictures" were or

12  were not included as part of Plaintiff's claimed content.   Plaintiff was required to disclose to

13  Defendants its changes to the copyright application, but did not do so until after the dispositive

14  motions were filed and Defendants had filed a response to Plaintiff's dispositive motion.

15  **Enforcement of the Registration Results in Dismissal.**

16  Defendants have submitted evidence, and Plaintiff does not contest, that a copy of the

17  Work was first licensed for sale on June 12, 2014.  DSSOF ¶ 16 (Doc. 80); PCSSOF ¶ 16

18  (Doc. 82).    However, Plaintiff argues that it "did not authorize for download" the Work until

19  July 3, 2014.   There is nothing in the June 12, 2014 license that states the Work could not

20  downloaded until July 3, 2014.   Even Plaintiff admits that the Work was completed before

21  July 3, 2014.  DSSOF ¶¶ 15, 38 (Doc. 80); PCSSOF ¶¶ 15, 38 (Doc. 82).   Plaintiff has not

22

23

1   submitted any evidence that the copy sold on June 12, 2014 was delayed for download or

2   publication until on or after July 3, 2014.  Thus, Plaintiff's copyright registration with a first

3   publication date of July 3, 2014 claims nothing.  Nothing was first published on that date.

4   **The Court Is Not Required to Take the Registration at Face Value.**

5   The Court does not need to cancel the registration in order to disregard the information

6   stated therein.  The Court does not even need to find fraud.  The date of first publication on the

7   issued registration is wrong, and the Copyright Office has confirmed that it is wrong.   The

8   Court is free to look at the evidence and make up its mind as to what the "real" date of first

9   publication is for Plaintiff's Deposit.   *See* 17 U.S.C. § 410(C).   The real date of first

10  publication is sometime after Defendants' alleged infringement, which necessitates dismissal

11  of Plaintiff's copyright claim.  *IMS Inquiry Manag. Sys, Ltd.*, 307 F. Supp.2d at 527.

12  RESPECTFULLY SUBMITTED this 3rd day of November, 2017.

13  **PETRIE & VENDITTI, PLC**

14  By:

    */s/ Jason M. Venditti*

15  _____

16  Jason M. Venditti
    20860 N. Tatum Blvd., Suite 300
    Phoenix, Arizona 85050

17  Attorneys for Defendants

18

19

20

21

22

23

7

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on November 3, 2017, I electronically transmitted the attached

3   document to the Clerk's Office using the ECF System for filing and transmittal of Notice of

4   Electronic Filing to the following ECF registrants:

5      A courtesy copy of the Notice of Electronic Filing was also mailed on this same date to

6   the following address:

7                                    Carlos Leyva
                              Digital Business Law Group PA
8                                1001 Starkey Rd., Ste. 18
                                     Largo FL 51017
9                        cleyva@digitialbusinesslawgroup.com
                                 Attorney for Plaintiff
10
                                   Linda S. McAleer
11                           Digital Business Law Group
                                 530 B St., Ste. 1550
12                               San Diego CA 92101
                                 lsmnotices@gmail.com
13                               Attorney for Plaintiff

14                                   */s/ Jason M. Venditti*
                       By:    _____
15                            Jason M. Venditti, Esq.

16

17

18

19

20

21

22

23                                        8