**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SellPoolSuppliesOnline.com LLC, | No. CV-15-01856-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Ugly Pools Arizona Incorporated, et al., | |
| Defendants. | |

Defendants, Ugly Pools Arizona, Inc., and Brian Morris ("Defendants"), have filed a motion for attorney's fees and costs (Doc. 102) and a motion for sanctions. (Doc. 103.) Plaintiff opposes both motions, which are fully briefed. (Docs. 105, 106, 107, 109.) For the reasons below, the Court denies the motion for attorney's fees and costs. The Court considers the motion for sanctions in a separate order.

## I.    Background

On September 17, 2015, Plaintiff filed a complaint asserting copyright infringement under the Copyright Act, 17 U.S.C. § 501, and unfair competition under Arizona law. (Doc. 1.) The Court granted Plaintiff leave to file an amended complaint, and Plaintiff filed its First Amended Complaint ("FAC"). (Docs. 38, 30.) Plaintiff asserted the following three counts: (1) copyright infringement under the Copyright Act, 17 U.S.C. § 501(a) (Count One); (2) unfair competition under Arizona law (Count Two); and (3) violation of the Digital Millennium Copyright Act ("DMCA"), integrity of copyright management information under 17 U.S.C. § 1202 (Count Three). (Doc. 39.)

The parties filed cross-motions for summary judgment on all three counts of the FAC. (Docs. 43, 45.) On June 9, 2017, the Court granted summary judgment in favor of Defendants on Count Two. (Doc. 64.) The Court granted summary judgment in favor of Defendants on Plaintiff's removal of copyright management information claim under 17 U.S.C. § 1202(b), asserted in Count Three. (*Id*. at 42.) The Court denied both motions for summary judgment on Plaintiff's falsification of copyright management information claim under 17 U.S.C. § 1202(a), asserted in Count Three. (*Id*.) The Court denied without prejudice both motions for summary judgment on Count One, copyright infringement. (*Id*.)

In the June 2017 order, the Court considered whether Plaintiff had properly registered its copyright and met the registration precondition for bringing a copyright infringement suit. (*Id*. at 12-13); *see* 17 U.S.C. § 411(a) ("no action for infringement of the copyright in any United States work may be instituted until registration of the copyright has been made in accordance with this title.").[1] Based on evidence that Plaintiff had knowingly provided inaccurate information to the copyright office during the copyright registration process, the Court concluded that the statutory criteria for mandatory referral to the copyright office under 17 U.S.C. § 411(b)(2) had been satisfied. (Doc. 64 at 24.) Therefore, on June 27, 2017, the Court sent a request for advice to the Register of Copyrights. (Doc. 67.)

On September 5, 2017, the Register of Copyrights responded to the Court's inquiry and stated that: (1) it would have refused registration of Plaintiff's copyright with a July 3, 2014 publication date had it known that the submitted website included copyrightable content that was added after July 3, 2014; and (2) it "would have demanded a copy of the deposit as published on July 3, 2014"; or (3) it would have "asked Plaintiff to limit its claim to material published on August 26, 2015, and to revert back to the 2015 year of completion, and the August 26, 2015 date of publication, for the original application." (Doc. 72-1 at 8.) If Plaintiff had "refused to limit the claim and revert back to the August

---

[1] The Court's June 9, 2017 Order includes a detailed discussion of this issue and of the copyright registration process. (Doc. 64 at 10-20.)

26, 2015 date of first publication and 2015 year of completion, the Acting Register would have refused registration." (*Id*.)

After receiving the Register of Copyrights' response, the Court permitted the parties to file second motions for summary judgment on Plaintiff's copyright infringement claim asserted in Count One of the FAC. (Docs. 73, 78, 79.) On September 24, 2018, the Court granted Defendants' second motion for summary judgment on Plaintiff's copyright infringement claim and denied Plaintiff's second motion for summary judgment on that claim. (Doc. 95.) The Court explained that Plaintiff had "not properly registered the work at issue in this case" and, therefore, "the copyright registration [was] insufficient to support a copyright infringement claim . . . ." (*Id*. at 26.) The Court also allowed Defendants to file a third motion for summary judgment on Plaintiff's claim for false copyright marking under 17 U.S.C. § 1202(a). (Docs. 83, 94.) On September 24, 2018, the Court granted summary judgment in favor of Defendants on that claim. (Doc. 96.) The Court entered judgment in Defendants' favor and dismissed Plaintiff's cause of action. (Doc. 97.)

Defendants have now filed a motion for attorney's fees and costs.[2] (Doc. 102.) A party requesting an award of attorneys' fees must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount. *See* LRCiv 54.2(c). Defendants seek attorney's fees and costs pursuant to 17 U.S.C. § 505 on Plaintiff's copyright infringement claim (Count One), unfair competition claim (Count Two), and DMCA claims (Count Three). (*Id*. at 3-8.) Defendants alternatively seek attorney's fees pursuant to 17 U.S.C. § 1203(b)(5) on Plaintiff's DMCA claims. (*Id*. at 8-11.) As set forth below, the Court denies Defendants' motion for attorney's fees and costs.

## II.     Attorney's Fees under § 505 of the Copyright Act

Section 505 of the Copyright Act provides that the court "may . . . award reasonable attorney's fees to the prevailing party as part of the costs." 17 U.S.C. § 505. The same standard applies to both prevailing defendants and plaintiffs. *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 523 (1994). The determination of attorney's fees under § 505 is left to the court's

---

[2] The motion addresses the request for attorney's fees and costs together.

discretion. *Id.* However, "[t]he automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." *Id.* at 533; *see also Kirtsaeng v. John Wiley & Sons, Inc.*, ___ U.S. ___, 136 S. Ct. 1979, 1985 (2016) ("[A] district court may not 'award [ ] attorney's fees as a matter of course' . . . .") (quoting *Fogerty*, 510 U.S. at 533).

When determining whether to award attorney's fees in a copyright case, the court may consider "several non-exclusive factors" including: "[the degree of success obtained], frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (citing *Fogerty*, 510 U.S. at 534 n.19); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017) (stating that the court may consider "the degree of success obtained in the litigation" and "whether the chilling effect of attorney's fees may be too great"). District courts should "accord substantial weight to" the "reasonableness of [the] losing party's legal and factual arguments." *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018); *see also Kirtsaeng*, 136 S. Ct. at 1989 (giving the reasonableness factor "significant weight"). "But the court must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense." *Kirtsaeng*, 136 S. Ct. at 1983.

### A.     Attorney's Fees for the Copyright Infringement Claim

In their motion, Defendants seek an award attorney's fees incurred in defending against Plaintiff's copyright infringement claim.     Plaintiff opposes the motion.[3]

---

[3] Plaintiff asserts that the Court should not award attorney's fees under § 505 because the "action here is more akin to Defendants asking for declaratory relief." (Doc. 106 at 9.) Plaintiff further argues that the Ninth Circuit has not held whether attorney's fees are available under the Copyright Act for declaratory relief actions. (*Id.*) The Court finds this argument unpersuasive. Defendants did not file a counterclaim for declaratory relief. Additionally, Plaintiff does not cite any legal authority to support its position that the Court should treat Defendants' successful assertion of a defense based on Plaintiff's failure to satisfy the registration precondition of § 411 as an action for declaratory relief. (*Id.* at 9-11.) The Court, therefore, does not further consider this argument.

(Doc. 106.)   Upon consideration of the relevant factors, discussed below, the Court concludes that Defendants are not entitled to an award of attorney's fees on the copyright infringement claim.

### 1.   Prevailing Party

"[A] 'prevailing party' is one who has been awarded some relief by the court.  The key inquiry is whether some court action has created a material alteration of the legal relationship of the parties."  *Cadkin v. Loose*, 569 F.3d 1142, 1148-49 (9th Cir. 2009) (internal citation and quotation marks omitted).  A court action materially alters "the legal relationship of the parties" when it "deprive[s the losing party] of the ability to seek relief in federal court" under the Copyright Act against the party that is seeking a fee award.  *Id.* at 1150 (defendants were not "prevailing parties" under § 505 because the claims against them were dismissed voluntarily and without prejudice and defendants "remain[ed] subject to the risk" that the plaintiffs could refile the copyright claims).  Thus, a "defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."  *Id.*; *see Tavory v. NTP, Inc*., 297 F. App'x 986, 989-90 (Fed. Cir. 2008) (dismissal of copyright infringement claim based on invalid registration materially altered the legal relationship between the parties because "[b]y finding the deposit copy of that work to be an invalid reconstruction, the court essentially decided that [plaintiff] cannot ever succeed in a copyright infringement claim against [defendant] based on the work represented in that invalid copy").

Defendants assert that they are the prevailing party in this matter.  (Doc. 102 at 1.) Plaintiff does not oppose that assertion.  (Doc. 106.)  The Court concludes that Defendants are the prevailing party because the Court dismissed the claims against them with prejudice, which materially altered the relationship between Plaintiff and Defendants.  *See Cadkin*, 569 F.3d at 1148-49.  Therefore, this factor favors an award of attorney's fees.

### 2.   The Degree of Success Obtained

The Ninth Circuit has noted that successful defenses "do not always implicate the ultimate interests of copyright" because "copyright defendants do not always reach the

merits, prevailing instead on technical defenses," such as "statute of limitations, laches, or the copyright registration requirements." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) (*Fogerty II*); *see also VMG Salsoul, LLC v. Ciccone*, 2014 WL 12585798, at *2 (C.D. Cal. Aug. 28, 2014). Thus, the degree of success factor "weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013). When a defendant has prevailed on a technical defense, courts consider whether the defendant remains subject to future claims by the plaintiff or whether the plaintiff's claims were dismissed with prejudice. *See Epikhin v. Game Insight N.A.*, 2016 WL 1258690, at *4-5 (N.D. Cal. Mar. 31, 2016) (finding the degree of success factor neutral when the defendants prevailed on a technical defense rather than on the merits and the plaintiff's claims were dismissed without prejudice).

Defendants argue that their success in this matter was "complete." (Doc. 102 at 3.) In support of this position they rely on the final judgment in their favor on Plaintiff's copyright claim. (*Id.*; *see also* Docs. 64, 95, 97.) Plaintiff responds that Defendants prevailed on a technical defense—Plaintiff's failure to satisfy the registration precondition—that does not support an award of attorney's fees. (Doc. 106 at 7-8.) Defendants prevailed on the issue of the invalidity of the copyright registration. (Doc. 95.) As Plaintiff argues, this was a technical defense. *See Fogerty II*, 94 F.3d at 560; *Epikhin*, 2016 WL 1258690, at *4.

However, "it is important that parties who seek the benefits of copyright registration have proceeded in accordance with those rules to ensure that the process is fair and effective." *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing*, 2017 WL 8236267, at *5 (C.D. Cal., Dec. 5, 2017). The importance of complying with the rules governing copyright registration is illustrated by the Register of Copyright's response to the Court's inquiry— it would have refused the registration of Plaintiff's copyright with a July 3, 2014 publication date had it known that the submitted website included copyrightable content that was added after July 3, 2014. (*See* Doc. 72-1 at 8; Docs. 95 at 8-9.)

Additionally, the Court dismissed Plaintiff's claims with prejudice. (Doc. 95, 96, 97); *see Minden Pictures, Inc. v. John Wiley & Sons, Inc*., 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014) (stating that defendant's degree of success was "not insubstantial" when summary judgment precluded plaintiff from "assert[ing] similar claims against [the defendant] in any federal court based on the underlying assignment or agency agreements at issue"). The Court concludes that the degree of success factor provides "modest weight in support an award of fees and costs" because of the preclusive effect of the judgment. *See Gold Value*, 2017 WL 8236267, at *5.

### 3.    The Frivolousness of Plaintiff's Position

A claim is frivolous when it is "clearly baseless," involving "fantastic or delusional scenarios." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (quoting *Neitzke v. Williams*, 490 U.S. 324, 327-28 (1989)). An unsuccessful claim is not necessarily frivolous. *Neitzke*, 490 U.S. at 329. "The standard for frivolousness appears to be 'somewhat' higher than the standard for objective reasonableness." *Epikhin*, 2016 WL 1258690, at *6 (citation omitted).

Defendants assert that Plaintiff's claim for copyright infringement was frivolous. (Doc. 102 at 4.) Defendants' assertion is based on Plaintiff's evolving description of the allegedly infringed copyrighted material as the "Platform," "photographs and the software required to show them in a 360-degree view," and later as a "collection of photos." (*Id*.; *see also* Doc. 64 at 11-12 (discussing the changing description of the allegedly infringed work).) In response to Defendants' motion, Plaintiff does not directly address its changing description of the allegedly infringed work. (Doc. 106 at 5.) Rather, Plaintiff states that the FAC cannot be construed as frivolous because it asserted a copyright infringement claim against Defendants who admitted that they made a copy of Plaintiff's "copyrighted work ('Works' or 'Registered Photos' or U.S. Copyright Office ('USCO') Registration TX 8-268-803)." (Doc. 106 at 5.)

Although Plaintiff's continued narrowing of the description of the work that formed the basis of its copyright infringement claim complicated the resolution of the copyright

infringement claim, the Court finds that it does not render Plaintiff's copyright infringement claim frivolous. *See Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (stating that a case is considered frivolous only when the result is obvious or the arguments are wholly lack merit); *Goldberg v. Cameron*, 2011 WL 3515899, at *3 (N.D. Cal. Aug. 11, 2011) (finding copyright infringement claim frivolous when it was initiated more than ten years after the statute of limitations had run). Therefore, this factor does not weigh in favor of awarding attorney's fees.

### 4. Plaintiff's Motive in Bringing the Copyright Infringement Claim

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *Frost–Tsuji Architects v. Highway Inn, Inc.*, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015). "A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Id*. The motivation factor weighs in favor of awarding attorney's fees when it is shown that a plaintiff's "motivation in alleging copyright claims is to secure benefits other than merely redressing grievances." *Identity Arts v. Best Buy Enter. Servs.,* 2008 WL 820674, at *5 (N.D. Cal. Mar. 26, 2008) (citing *Maljack Prods, Inc. v. Goodtime Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996) (finding that the motive factor supported an award of attorney's fees to the defendant when plaintiff brought the lawsuit to expose defendant to risk and to "secure a competitive advantage in the market.").

Defendants argue that Plaintiff's motive in bringing this suit was to "extort an excessive settlement sum based upon the threat of attorneys' fees not yet accrued." (Doc. 109 at 2-3, Doc. 102 at 4-5.) Defendants assert that they took down the allegedly infringing website "by the time this suit was filed." (Doc. 102 at 4.) Defendants also assert that the value of a license for Plaintiff's website was about $15,000, and Defendants grossed about $3,000 from the allegedly infringing website. (*Id*. at 5.) However, when this case was filed in September 2015, Plaintiff demanded $90,000 to settle this case and later reduced that demand to $65,000.[4] (Doc. 102, Ex. F at 7.) Defendants assert that

---

[4] The Court may consider settlement negotiations for the purpose of determining an attorney's fee award. *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (holding

- 8 -

Plaintiff's settlement demands exceeded the $32,000 in damages that Plaintiff claimed in its January 18, 2016 response to Defendants' interrogatories. (Doc. 102 at 4 (citing Doc. 46-7 at 2 (stating that Plaintiff's "damages to date" were "$32,000 including the cost of the platform, lost revenue from monthly rental of the platform, and legal fees.")).) Defendants assert that Plaintiff's rationale for its excessive settlement demands was that it would be entitled to recover all of its attorneys' fees at the conclusion of litigation.[5] (Doc. 102 at 5; Doc. 102, Ex. G (stating that Plaintiff believed it would prevail and could satisfy all five factors for awarding attorney's fees).)

In its response to the motion for attorney's fees, Plaintiff states that because it is "undisputed that [Plaintiff] discovered that Defendants had made a copy of its Works," it was not motivated by "bad faith" in bringing this action. (Doc. 106 at 5 (citing *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768 (9th Cir. 2018).)[6] Plaintiff does not dispute Defendants' assertion that its settlement demands exceeded the amount of damages, including attorney's fees, it claimed in January 2016. (Doc. 106 at 5.) However, there is no direct evidence that Plaintiff had an improper motive in filing this suit. *See Gold Value*, 2017 WL 8236267, at *7 (finding no improper motive when, although plaintiff was aware of the validity issue early in the litigation, the "ultimate disposition of the validity of the [copyright registration] was not certain when the action was commenced and pursued.").

Although Plaintiff does not dispute that its settlement demands exceeded the amount of damages it claimed in January 2016, the Court finds that this conduct—upon which Defendants base their assertion of improper motive—does not establish that Plaintiff had an improper motive in bringing the copyright infringement claim. *But see Lewis v.*

---

that the district did not err in considering settlement negotiatons for purposes of deciding a reasonable attorney's fee award); *cf.* Fed. R. Evid. 408 (providing that settlement communications are not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.").

[5] The significance of the parties' conduct during settlement negotiations is also addressed in the Court's order on Defendants' Motion for Sanctions. (Docs. 103, 111.)

[6] Plaintiff's reliance on *Folkens* to support its arguments under the motivation factor is misplaced. Although the court in *Folkens* addressed a copyright infringement claim, it did not address the factors for awarding attorney's fees. *Folkens*, 882 F.3d 768.

*Activision Blizzard, Inc.*, 2014 WL 4953770, at *3 (N.D. Cal., Sept. 25, 2014) (finding improper motive when plaintiff pursued an unreasonable, almost frivolous, copyright claim and made an unreasonable demand of $1.2 million to settle the claim). Therefore, this factor does not weigh in favor of awarding attorney's fees.

### 5. Objective Reasonableness of Plaintiff's Position

When determining whether to award fees under the Copyright Act, the court also considers the objective reasonableness of the losing party's position "both in the factual and in the legal components of the case." *Kirtsaeng*, 136 S. Ct. at 1983, 1985. The court gives substantial weight to this factor. *Id.* at 1984; *see Glacier Films v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (citing *Shame On You Prods., Inc.*, 893 F.3d at 666). However, it is not dispositive. *See Kirtsaeng*, 136 S. Ct at 1988 (stating that reasonableness is "only an important factor in assessing fee applications—not the controlling one.").

Defendants assert that Plaintiff's copyright infringement claim was unreasonable because it was based on a copyright registration that it obtained by giving false information to the copyright office. (Doc. 102 at 6.) In its response, Plaintiff argues that the case was "nuanced and hard fought" and, therefore, attorney's fees are not warranted. (Doc. 106 at 6.) Plaintiff further argues that the case was not decided on the merits of the Copyright Act, but on the "procedural process with a third-party Agency." (*Id*. at 7.) Thus, Plaintiff attempts to minimize the role of the copyright office by describing it as a "third-party Agency," without recognizing its statutory authority in the registration of copyrights.

Plaintiff's copyright infringement claim was initially based on the copyright application that it submitted to the copyright office on September 15, 2015, several days before Plaintiff filed this action. (*See* Doc. 64 at 12 (discussing the copyright application)); *Cosmetic Ideas, Inc., v. IAC/Interactivecorp*, 606 F.3d 612, 619-21 (9th Cir. 2010) (holding that the copyright office's receipt of a completed application is sufficient for purposes of initiating copyright infringement litigation). However, that application did not support Plaintiff's copyright infringement claim because the date of publication contained in the

application, August 26, 2015, was *after* the date of the alleged infringement, September 16, 2014.  (*See* Doc. 64 at 5, 8, 18.)

After Defendants raised this issue in their motion for summary judgment (Doc. 45 at 8; Doc. 64 at 18), Plaintiff submitted an affidavit to the copyright office stating that "'SPSO first published the Platform on or about July 3, 2014.  It was completed on or about June 25, 2014.'"  (Doc. 64 at 18 (citing Doc. 51, Ex. K at ¶ 4).)  The affidavit further stated that "'[t]he sample of the Platform provided to the United States Copyright Office with SPSO's Copyright application in 2015 [the "Deposit"] is the same as the website first appeared when published on July 3, 2014.'"  (Doc. 64 at 18-19 (citing Doc 51, Ex. K at ¶ 5).)  However, in later filings in this Court, "Plaintiff admit[ed] that the Deposit includes material that was added after July 3, 2014."  (Doc. 64 at 23.)  Based on the relevant copyright regulations, and the evidence of Plaintiff's correspondence with the copyright office, the Court concluded that Plaintiff knowingly provided inaccurate information to the copyright office because "[t]he application was to register content (photographs and text) on the website as of the date of publication specified during the registration process, July 3, 2014, but Plaintiff deposited the content that appeared on the website on a later date. Plaintiff, however, represented to the copyright office that the Deposit was the same as the website appeared on July 3, 2014."  (*Id*. at 24.)

Therefore, as set forth above in Section I, the Court issued a request to the Register of Copyrights to determine whether the copyright office would have refused the registration with a July 3, 2014 publication date had it known that the deposit depicted content that existed on a later date.  (*Id*. at 25.)  In its response, the Register of Copyrights stated that it would have refused registration of Plaintiff's copyright with a July 3, 2014 publication date had it known that the submitted website included copyrightable content that was added after July 3, 2014.  (Doc. 95 at 8; Doc. 72-1 at 8.)  The copyright office further stated that it "would have demanded a copy of the deposit as published on July 3, 2014 . . . ."  (Doc. 72-1 at 8.)  Alternatively, it would have "asked Plaintiff to limit its claim to material published on August 26, 2015, and to revert back to the 2015 year of

completion, and the August 26, 2015 date of publication, for the original application." (*Id*.) If Plaintiff had "refused to limit the claim and revert back to the August 26, 2015 date of first publication and 2015 year of completion, the Acting Register would have refused registration." (*Id*.)

After the Court received the response from the copyright office, it permitted the parties to file second motions for summary judgment on the copyright infringement claim. (Docs. 73, 78, 79.) In ruling on these motions, the Court concluded that the copyright registration was invalid and granted summary judgment in Defendants' favor on the copyright infringement claim. (Doc. 95.) As set forth in the Court's orders on the copyright infringement claim, Plaintiff advanced several unpersuasive arguments in this litigation. (Doc. 64, 95.) Although the Court rejected these arguments, it is not clear that Plaintiff "should have known from the outset that its chances of success" in raising all of its arguments on the copyright infringement claim "were slim to none." *SOFA Entm't, Inc.*, *v. Dodger Prods.*, 709 F.3d 1273, 1279, 1280 (9th Cir. 2013) (concluding that plaintiff's copyright infringement claim was objectively unreasonable when SOFA had been a plaintiff in a factually analogous Ninth Circuit case that supported defendant's fair use defense). The Court, therefore, concludes that Plaintiff's copyright infringement claim was not objectively unreasonable and, therefore, this factor does not weigh in favor of awarding attorney's fees.

### 6. Deterrence and Compensation

When considering whether to award attorney's fee under § 505, the courts should also consider whether there is a "need . . . to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1986 (quoting *Fogerty*, 510 U.S. at 534). "Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends." *Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010).

The deterrence factor overlaps with the factors concerning motivation, frivolousness, and objective unreasonableness. *King v. IM Global*, 2017 WL 2620695, at

*3 (C.D. Cal. Jan. 25, 2017) ("Having previously determined that Plaintiff's claim was neither frivolous nor objectively unreasonable, the Court cannot conclude that Plaintiff should have been deterred from pursuing it."); *Design Data Corp. v. Unigate Enter., Inc.*, 2014 WL 5513541, at *2 (N.D. Cal. Oct. 31, 2014) ("There is value in deterring frivolous lawsuits . . . ."). Defendants have not shown a need for specific deterrence because there is no evidence that Plaintiff has a history of filing baseless or frivolous claims. Additionally, the Court is not persuaded that an award of attorney's fees will deter others from baseless litigation considering the specific circumstances that were present in this case, which do not appear to be frequently litigated. Thus, the deterrence factor does not weigh in favor of awarding attorney's fees.

The Court next considers whether there is a need "to advance [the] consideration of compensation." *Kirtsaeng*, 136 S. Ct. at 1986. The need for compensation is mitigated when a prevailing defendant has "ample incentive" to litigate a meritorious defense without the added incentive of the possibility of recovering attorney's fees. *Epikhin*, 2016 WL 1258690, at *8 (concluding that the compensation factor did not weigh in favor of awarding attorney's fees when the allegedly infringing product, a mobile application, had been downloaded more than one million times). Defendants' motion for attorney's fees mentions this factor but does not explain the need for compensation in this case. (Doc. 102 at 7.) Plaintiff also fails to address this factor. (Doc. 106.) Considering the parties' lack of argument on the need for compensation, the Court finds this factor neutral.

### 7.    The Goals of the Copyright Act

Some Ninth Circuit decisions issued before the Supreme Court's decision in *Kirtsaeng* concluded that whether an award of fees would "further the purposes of the [Copyright Act]," was the "most important factor" in considering a fee request. *See Glacier Films*, 896 F.3d at 1041 (citing *SOFA Entm't, Inc.,* 709 F.3d at 1280). In *Glacier Films*, the Ninth Circuit stated that "[a]fter *Kirtsaeng's* 2016 endorsement of a 'totality of circumstances' approach and its statement that the losing party's reasonableness carries 'significant weight,' it is unclear whether the purposes-of-the-Copyright-Act factor

remains the 'most important' one." *Glacier Films*, 896 F.3d at 1040-41 (citing *Kirtsaeng*, 136 S. Ct. at 1989). However, because "the guiding principles of the Copyright Act run throughout the other factors, it remains important." *Glacier Films*, 896 F.3d at 1041. Therefore, the Court considers this factor.

The goal of the Copyright Act is "to promote creativity for the public good." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994); *see also Fogerty*, 510 U.S. at 524 ("The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public."). That goal is served when defendants "advance a variety of meritorious copyright defenses" and defendants "should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527. "Under the Copyright Act, the question is whether a successful defense of the action furthered the purposes of the Act, not whether a fee award would do so." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815-16 (9th Cir. 2003).

Defendants' successful defense to Plaintiff's copyright infringement claim was based on the registration precondition to bringing a copyright infringement suit. *See* 28 U.S.C. § 411(b)(1)(A). Defendants argue that their successful defense will deter the presentation of inaccurate information to the copyright office and, therefore, serves the purpose of the Copyright Act.[7] (Doc. 109 at 7.) Defendants, however, do not explain how deterring the presentation of inaccurate information to the copyright office advances the Copyright Act's goal "to promote creativity for the public good." *Jackson*, 25 F.3d at 890. Deterring the presentation of inaccurate information to the copyright office may promote the goal of encouraging the registration of valid copyrights, which in turn would further the goal of "having a robust federal register of existing copyrights." *See Cosmetic Ideas, Inc.*, 606 F.3d at 610. Copyright registration serves as a public record of the authorship and ownership of the claimed work. *Brownstein v. Lindsey,* 742 F.3d 55, 66 (3d Cir. 2014).

---

[7] Defendants further argue that an award of attorney's fees would serve several purposes. (Doc. 109 at 7.) The Court does not consider these arguments because the standard is whether the successful defense of a copyright infringement claim, not the attorney's fee award, furthers the purpose of the Copyright Act. *See Mattel*, 353 F.3d at 815-16.

However, copyright registration is not required for copyright protection and is not jurisdictional.[8]  *See* 17 U.S.C. § 408(a); *Cosmetic Ideas, Inc.*, 606 F.3d at 614-15 (citing *Reed Elsevier, Inc., v. Muchnick*, 59 U.S. 154 (2010)).  Therefore, the Court finds that the goal of promoting copyright registrations is different from the goal of promoting the "production of original literary, artistic, and musical expression for the good of the public." *See Fogerty*, 510 U.S. at 524.  The Court finds that the successful defense advanced in this case does not further the goal of the Copyright Act and this factor does not weigh in favor of awarding fees.

In sum, the Court finds that two factors weigh in favor of an award of fees (prevailing party and degree of success), four factors weigh against an award of fees (frivolousness, motivation, objective reasonableness, and advancing the goals of the Copyright Act), and one factor is neutral (deterrence and compensation).  Therefore, after considering the relevant factors for an award of attorney's fees in view of the primary objective of the Copyright Act, and giving more weight to the reasonableness factor, the Court concludes that, as a whole, the factors weigh against awarding attorney's fees to Defendants on Plaintiff's copyright infringement claim.

### B.  Attorney's Fees for Non-Copyright Claims

Defendants assert that they are entitled to attorney's fees under § 505 on Plaintiff's non-copyright claims—the unfair competition claim in Count Two and the DMCA claims in Count Three—because those claims related to the copyright claim.  (Doc. 102 at 7-8.) "'[A] party entitled to attorney's fees as a prevailing party on a particular [copyright] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'"  *Shame on You Prods, Inc.*, 893 F.3d at 669 (quoting *Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003)).

---

[8]  The Court addressed the copyright registration process and the effect of copyright registration in its order on the parties' second cross motions for summary judgment on the copyright infringement claim.  (Doc. 95 at 12-13.)

Although not clearly articulated, Defendants appear to argue that the Court should award attorney's fees on the non-copyright claims for the same reasons it should award attorney's fees on the copyright infringement claim. Because the Court denied Defendants' request for attorney's fees on the copyright infringement claim, it applies the same analysis to deny attorney's fees on the non-copyright claims.

### III. Attorney's Fees under § 1203(b)(5) of the DMCA

Defendants alternatively move for attorney's fees under 17 U.S.C. §1203(b)(5) on Plaintiff's claims under § 1202(a), falsification of copyright management information ("CMI"), and § 1202(b), removal of CMI. (Doc. 102 at 8.) The DMCA authorizes a court, "in its discretion," to allow recovery of costs and to award "reasonable attorney's fees" to the prevailing party in an action under § 1201 or § 1202. 17 U.S.C. § 1203(b)(4), (5). Defendants assert that an award of attorney's fees under § 1203(b)(5) of the DMCA is determined under the same factors as § 505 of the Copyright Act. (Doc. 102 at 8 (citing *Drauglis v. Kappa Map Group, LLC*, 128 F. Supp. 3d 46, 61 (D.D.C. 2015)). Defendants do not cite any binding authority to support this assertion and the Court has not found any Ninth Circuit decisions specifically addressing the factors that a district court should apply when considering a request for attorney's fees under § 1203(b)(5). However, in the absence of such controlling authority, the Court finds it reasonable to apply the factors relevant to a fee determination under § 505. *See Unicom Sys. Inc. v. Farmers Group, Inc.*, 405 Fed. App'x 152, 155 (9th Cir. 2010) (stating that plaintiff's prevailing party status made it eligible for a discretionary award of attorney's fees under § 505 and § 1203(b) and concluding that the court did not abuse its discretion in applying the factors articulated by the Supreme Court in *Fogerty* to conclude that a fee award was appropriate under the Copyright Act). Therefore, the Court applies those factors to Defendants' request for attorney's fees under the DMCA § 1203(b)(5).

#### A. Prevailing Party

Defendants assert that they were the prevailing party on Plaintiff's § 1202(a) and (b) claims. (Doc. 102 at 8.) Plaintiff does not oppose that assertion. (Doc. 106.) Thus,

the Court concludes that Defendants were the prevailing party because the Court dismissed those claims against them with prejudice, which materially altered the relationship between Plaintiff and Defendants. *See Cadkin*, 569 F.3d at 1148-49; (Docs. 64, 95, 96, 97.) Thus, this factor weighs in favor of awarding fees.

### B. The Degree of Success Obtained

The degree of success factor "weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *DuckHole Inc.*, 2013 WL 5797204, at *2. Defendants assert that they were "completely successful" on the DMCA claims because the Court granted summary judgment in their favor on both DMCA claims. (Doc. 102 at 8.) Plaintiff does not address this factor and does not argue that Defendants prevailed on a "technical defense." (Doc. 106 at 8.) The Court agrees that Defendants were successful on the DMCA claims because the Court granted summary judgment in their favor on those claims. (*See* Docs. 64 at 36-38; Doc. 95, Doc. 97.) Therefore, this factor also weighs in favor of awarding fees.

### C. The Frivolousness of Plaintiff's Positions

A claim is frivolous when it is "clearly baseless," involving "fantastic or delusional scenarios." *Perfect 10, Inc*, 2005 WL 2007932, at *4. An unsuccessful claim is not necessarily frivolous. *Neitzke*, 490 U.S. at 329. "The standard for frivolousness appears to be 'somewhat' higher than the standard for objective reasonableness." *Epikhin,* 2016 WL 1258690, at *6 (citation omitted).

In the FAC, Plaintiff argued that Defendants violated § 1202(b) by knowingly removing from the webpage the following CMI: "Copyright 2015 Pool and Spa Parts Now," with the intent to "facilitate or conceal [copyright] infringement." (Doc. 39 at ¶¶ 19-20, 48-50); 17 U.S.C. § 1202(b). Defendants argue that Plaintiff's § 1202(b) claim was frivolous because Plaintiff admitted to the copyright office that Plaintiff's standard practice was to create a series of fictitious names and, therefore, the allegedly removed copyright notice did not constitute CMI because it did not identify the owner or author of

the work.[9]  (Doc. 102 at 9 (citing Doc. 64 at 38)); 17 U.S.C. § 1202(c) (defining CMI).  As discussed below in Section III.E, although Plaintiff's § 1202(b) claim failed, the Court does not conclude that the claim was unreasonable.  Thus, because "[t]he standard for frivolousness appears to be 'somewhat' higher than the standard for objective reasonableness," *Epikhin,* 2016 WL 1258690, at *6, the Court cannot find that Plaintiff's § 1202(b) claim was frivolous.

Defendants argue that Plaintiff's § 1202(a) falsification claim was frivolous because it was "added as an afterthought in its Reply."  (Doc. 102 at 9 (citing Doc. 83 at 2).)  As Defendants note, it was unclear whether Plaintiff was asserting a claim under § 1202(a) in the FAC.  (Doc. 83 at 2.)  However, the Court considered that claim and permitted Defendants to file a third motion for summary judgment directed to that claim.  (Doc. 83.)  The failure of the FAC to clearly articulate the § 1202(a) claim does not lead to the conclusion that the claim was frivolous.  Therefore, this factor does not weigh in favor of awarding fees.

### D.    Plaintiff's Motive in Bringing the DMCA Claims

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party."  *Frost–Tsuji Architects*, 2015 WL 5601853, at *7.  The motivation factor weighs in favor of awarding attorney's fees when it is shown that a plaintiff's "motivation in alleging . . . claims is to secure benefits other than merely redressing grievances."  *Identity Arts,* 2008 WL 820674, at *5.

Defendants assert that Plaintiff's sole motivation in bringing the § 1202 claims was to obtain attorney's fees.  (Doc. 102 at 9.)  To support this assertion, Defendants rely on Plaintiff's statement in its motion for leave to amend that its "'only purpose in amending

---

[9] Section 1202 creates liability for persons who either: (1) "intentionally remove or alter any [CMI]," without the authority of the copyright owner or the law, "knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement"; or (2) distribute CMI "knowing that the [CMI] has been removed or altered without authority of the copyright owner or the law."  17 U.S.C. § 1202(b).  The definition of CMI includes the work's title, the author's name, and the copyright owner's name, among other information.  Id. at § 1202(c).

the complaint is to further allege the basis on which it is entitled to attorney's fees under Section 1203.'" (*Id.* (quoting Doc. 35 at 7).)

This statement indicates that Plaintiff's motive in amending the complaint was to clarify the basis for its attorney's fees request, but it does not establish that Plaintiff's only motive in bringing claims under § 1202 was to obtain attorney's fees.  In granting the motion to amend, the Court noted that the complaint indicated that Plaintiff intended to bring a claim under §§ 1201 or 1202 because it sought attorney's fees under § 1203, and because the complaint included an exhibit that showed what "was alleged to be a violation of § 1202." (Doc. 38 at 3.)  The Court found that Plaintiff "apparently believed that the § 1203 allegations and Exhibit F (to the original complaint) were sufficient to allege a . . . claim for a violation of § 1202," at least until Defendants first indicated, at a settlement conference, that they did not believe the § 1203 allegations were adequate. (*Id.*) The Court found good cause to allow Plaintiff to amend the complaint.  (*Id.*)  Based on the Court's prior conclusion that Plaintiff had intended to allege, and thought it had sufficiently alleged, a § 1202 claim in the complaint, the Court rejects Defendants' argument that Plaintiff's amendment of the complaint to supplement its § 1202 allegations evidences its improper motive in bringing claims under § 1202.  Therefore, this factor does not weigh in favor of an award of fees.

### E.    Objective Reasonableness of Plaintiff's Claims

When determining whether to award fees, the court also considers the objective reasonableness of the losing party's position "both in the factual and in the legal components of the case." *Kirtsaeng*, 136 S. Ct. at 1983, 1985.

### 1.    Section 1202(b) Claim

Defendants argue that Plaintiff's § 1202(b) claim was unreasonable because Plaintiff knew that the copyright owner name, allegedly removed by Defendants, was a fictitious entity and, therefore, it did not constitute CMI as defined in § 1202(c). (Doc. 102 at 10.)  At the time of the Court's June 9, 2017 Order, there was very limited controlling case law interpreting § 1202(c) of the DMCA.  *See Jacobsen v. Katzer*, 609 F. Supp. 2d

925, 934 (N.D. Cal. 2009) (noting that the law on the definition and application in practice of the term CMI is scant); *see also Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1187 n.3 (9th Cir. 2016) (noting, but not interpreting, the definition of CMI); *Morgan v. Assoc. Press*, 2016 WL 69534233, at *4 (C.D. Cal. Mar. 16, 2016) (noting that the Ninth Circuit had not yet ruled on what constitutes CMI under § 1202(c) of the DMCA). Thus, the Court relied on a district court decision and the statute itself to resolve the § 1202(b) claim. (Doc. 64 at 36-37.) Considering the limited amount of controlling authority on this issue, the Court cannot conclude that Plaintiff "should have known from the outset that its chances of success" in raising its § 1202(b) claim "were slim to none." *See SOFA Entm't, Inc.*, 709 F.3d at 1280. Therefore, the Court concludes that the § 1202(b) claim was not objectively unreasonable.

### 2. Section 1202(a) Claim

Defendants argue that Plaintiff's § 1202(a) claim was objectively unreasonable because, when Plaintiff brought that claim, there was existing authority holding that a generic copyright notice at the bottom of a webpage does not violate § 1202(a). (Doc. 102 at 10 (citing *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 929 (N.D. Ill. 2013).) Defendants assert that this case is distinguishable from *Drauglis v. Kappa Map Group, LLC*, 128 F. Supp. 3d 46, 61 (D.C. Colo. 2015). In *Drauglis* the court declined to award attorney's fees under § 1203 because it denied the plaintiff's claims based on case law that did not exist when plaintiff filed the lawsuit. *See Drauglis,* 128 F. Supp. 3d at 61.

In their third motion for summary judgment, Defendants argued "that they did not violate § 1202(a) by placing the We Fix Ugly Pools ("WFUP") copyright notice at the bottom of the webpage allpoolsupplies.com ("APS), which included Plaintiff's copyrighted photographs, because the copyright notice was not 'conveyed in connection with' Plaintiff's photographs and, therefore, was not false CMI." (Doc. 96 at 4-5.) Defendants' argument was based on the definition of CMI in § 1202(c). (*Id*. at 7.)

Defendants cited several district court decisions from outside the Ninth Circuit, including *Personal Keepsakes*, to support their argument. (*See id.*)

In its order on the third motion for summary judgment, the Court stated that "[t]he parties have not cited, and the Court has not found, a Ninth Circuit decision interpreting the definition of CMI in § 1202(c)." (Doc. 96 at 9.) However, other courts had interpreted that section and "concluded that to satisfy the statutory requirement that CMI is 'conveyed in connection with' the copyrighted material, a copyright notice must be 'close to' to the work." (*Id.* (quoting *Personal Keepsakes*, 975 F. Supp. 2d at 929).) As Defendants note in their motion for attorney's fees, the Court relied, in part, on *Personal Keepsakes* in granting summary judgment in Defendants' favor on the § 1202(a) claim. (*See* Doc. 96 at 10-12.) However, the existence of non-binding authority that was contrary to Plaintiff's position on its § 1202(a) claim does not render that claim unreasonable. *But see SOFA Entm't, Inc.*, 709 F.3d at 1280 (concluding that plaintiff's copyright infringement claim was objectively unreasonable when SOFA had been a plaintiff in a factually analogous Ninth Circuit case that supported defendant's fair use defense). Considering the lack of controlling precedent on the issues related to Plaintiff's § 1202(a) claim, the Court cannot conclude that Plaintiff "should have known from the outset that its chances of success" in raising its § 1202(a) claim "were slim to none." *Id.* Therefore, the Court concludes that the § 1202(a) claim was not objectively unreasonable and this factor does not weigh in favor of an award of fees.

The parties did not address any additional factors that may be relevant to the determination of an award of attorney's fees under § 1203(b)(5). (*See* Doc. 102 at 8-11, Doc. 106 at 8; Doc. 109 at 8.) Therefore, Defendants have not shown that any other factors weigh in favor of their request for attorney's fees on Plaintiff's DMCA claims. Based on its review of the relevant factors addressed by the parties, the Court concludes that Defendants are not entitled to attorney's fees on the DMCA claims.

**IV.    Conclusion**

For the reasons stated in this Order, the Court concludes that Defendants are not entitled to an award of attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that Defendants' motion for attorney's fees and costs (Doc. 102) is **DENIED**.

Dated this 11th day of March, 2019.

Bridget S. Bade
United States Magistrate Judge