**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SellPoolSuppliesOnline.com LLC,<br><br>Plaintiff,<br><br>v.<br><br>Ugly Pools Arizona Incorporated, et al.,<br><br>Defendants. | No. CV-15-01856-PHX-BSB<br><br>**ORDER** |

Defendants, Ugly Pools Arizona, Inc., and Brian Morris ("Defendants"), have filed a motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. (Doc. 103.) The motion is fully briefed. (Docs. 105, 107.) As set forth below, the Court denies the motion.

**I.     Background**

The facts of this case are explained in detail in this Court's orders on the motions for summary judgment (Docs. 64, 95, 96), and are not repeated here. However, the Court notes that this case involved Plaintiff's claims for (1) copyright infringement under the Copyright Act, 17 U.S.C. § 501(a) (Count One), (2) unfair competition under Arizona law (Count Two), and (3) violation of the Digital Millennium Copyright Act ("DMCA"), integrity of copyright management information under 17 U.S.C. § 1202 (Count Three). (Doc. 39.) Plaintiff described its business as licensing pre-made websites that it referred to as the Platform. (Doc. 78-1 at 1.) The Platform was described generally as computer programs, photographs, and writing. (*Id.* at ¶ 2.) Plaintiff's claims were based on its

allegation that Defendants had reproduced the copyrighted elements of the Platform "verbatim." (Doc. 39 at ¶ 38.) The parties filed several motions for summary judgment on Plaintiff's claims. (Docs. 43, 45, 78, 79, 86.) The Court granted summary judgment in favor of Defendants on Plaintiff's claims, entered judgment in Defendants' favor, and dismissed Plaintiff's cause of action. (Docs. 64, 95, 96, 97.) Defendants then filed a motion for attorney's fees and the pending motion for sanctions against Plaintiff. (Docs. 102, 103). The Court considered the motion for attorney's fees in a separate order. (Doc. 111.)

## II. Sanctions under § 1927

Defendants' motion seeks sanctions against Plaintiff's attorney under 28 U.S.C. § 1927. (Doc. 103 at 3-10.) Section 1927 provides, in pertinent part, that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions under § 1927, the court must find that the sanctioned party "knowingly or recklessly raise[d] a frivolous argument, or argue[d] a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996).

Additionally, sanctions under § 1927 may be used only to sanction the multiplication of proceedings, not the initiation of proceedings. *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986). The section "applies only to unnecessary filings and tactics once a lawsuit has begun." *Keegan*, 78 F.3d at 436 (internal quotations omitted). A "finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (citations omitted). "[W]ith § 1927 as with other sanctions provisions, [d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate."

*Haynes v. City & Cty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) (internal quotation marks and citation omitted).

Defendants cite several instances of conduct by Plaintiff's counsel that they allege warrant sanctions under § 1927. (Doc. 103.) As set forth below, the Court finds that counsel's conduct, while inappropriate in some instances, did not "unreasonably and vexatiously" multiply the proceedings.

**A. Unreasonable Settlement Demands**

Defendants assert that Plaintiff, through counsel, made settlement demands that were unreasonable and necessitated several years of litigation.[1] (Doc. 103 at 4-5.) Defendants argue that Plaintiff's settlement demands greatly exceeded their claimed damages.[2] (*Id*. at 4.) Defendants argue that these settlement demands are evidence of counsel's bad faith and support the imposition of sanctions. As explained below, the Court rejects Defendants' argument.

Defendants assert that the value of a license for Plaintiff's website was about $15,000, and Defendants grossed about $3,000 from the allegedly infringing website. (*Id*. at 5.) Defendants argue that Plaintiff's damages, including attorney's fees, totaled $32,000 on January 18, 2016. (*Id*. at 4 (citing Doc. 46-7 at 2 (stating that Plaintiff's "damages to date" were "$32,000 including the cost of the platform, lost revenue from monthly rental of the platform, and legal fees."))).) However, Plaintiff initially demanded $90,000 to settle

---

[1] In their motion for attorney's fees, Defendants argued that these unreasonable settlement demands were evidence of Plaintiff's improper motive in bringing this suit. (Doc. 102.) The Court rejected that claim in its order denying the motion for attorney's fees. (Doc. 110.)

[2] Plaintiff asserts that Defendants' motion improperly disclosed settlement negotiations in violation of Rule 408 of the Federal Rules of Evidence. (Doc. 105 at 3.) Rule 408 provides that settlement communications are not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). The Court, however, may consider settlement negotiations for the purpose of determining an attorney's fee award. *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (holding that the district did not err in considering settlement negotiations for purposes of deciding a reasonable attorney's fee award). Therefore, the Court concludes that Defendants did not improperly present information concerning settlement negotiations to support their motion for sanctions.

this case, and later reduced that demand to $65,000 for a May 10, 2016 settlement conference. (Doc. 103 at 4; Doc. 102, Ex. F at 6.)

Defendants, however, misstate Plaintiff's calculation of the damages that it had incurred by the time of the May 10, 2016 settlement conference. Plaintiff asserted that it had suffered the following damages: lost licensing fees of $18,000, monthly maintenance fees totaling $1,199.88, and attorney's fees through April 30, 3016 totaling $31,000. (Doc. 102, Ex. F at 4.) Therefore, at the time of the May 2016 settlement conference, Plaintiff asserted that it had suffered damages, including attorney's fees, totaling $50,199.88. (*See id*.) Plaintiff also asserted that Defendants had offered $20,000 to settle the case and did not increase their offer. (*Id.,* Ex. F at 6.) Defendants' motion for sanctions and their reply in support of that motion do not address their offers to settle the case. However, Defendants' reply in support of their motion for attorney's fees states that they made a $20,000 settlement offer. (Doc. 109 at 2.) Therefore, the Court concludes that Defendants offered $20,000 to settle the case and did not increase that amount at any point during the litigation.

Defendants assert that Plaintiff's rationale for its settlement demands, which they characterize as "far beyond" the amount of Plaintiff's damages, was that "Defendants would be liable for more than that amount in attorney's fees by the conclusion of the litigation." (Doc. 103 at 4; Doc. 107 at 2 (stating that Plaintiff "insisted on being paid attorneys' fees Plaintiff had not yet incurred"); Doc. 107 at 3 ("a settlement demand based upon attorney's fees *not yet* incurred is plain extortion and unreasonable.") (emphasis in original).) To support their argument for sanctions based on the allegedly unreasonable settlement demands, Defendants cite *Calloway v. Marvel Entm't Group*, 854 F.2d 1452, 1482 (2d Cir. 1988), *rev'd in part on other grounds by Pavelic & LeFlore v. Marvel Entm't Group*, 39 U.S. 120 (1989). In *Calloway*, the district court awarded sanctions under § 1927 because the plaintiff delayed in accepting a settlement offer that would have provided all the relief plaintiff could expect to recover from the defendant. *Calloway*, 854 F.2d at 1481. In that case, the plaintiff rejected the defendant's settlement offer without explanation and

continued the litigation, eventually accepting the same offer several days after trial had commenced. *Id*. at 1482. On appeal, the Second Circuit did not consider the merits of the ruling on the motion for § 1927 sanctions. *Id*. Rather, the court reversed the award of sanctions because it concluded that the parties' stipulation of dismissal had settled all their disputes, including the motion for sanctions that had been filed before trial. *Id*.

Defendants' reliance on *Calloway* is misplaced because the Second Circuit's decision did not consider the merits of the sanctions award under § 1927.[3] Additionally, in contrast to the plaintiff in *Calloway*, Plaintiff did not reject an offer that would have provided all the relief it would have been entitled to recover from Defendants if it prevailed in the litigation. At the time of the parties' May 2016 settlement conference, Plaintiff claimed it had incurred approximately $51,000 in damages, and Defendants offered $20,000 to settle the case. (Doc. 102, Ex. F at 4, 6.) Therefore, Plaintiff's $65,000 settlement demand may have exceeded its damages, but Defendants' $20,000 settlement offers were not for the full amount of Plaintiff's claimed damages. Although the Court's analysis would differ if Defendants had offered the full amount of Plaintiff's claimed damages (excluding any amounts for attorney's fees that Plaintiff had not yet incurred), that is not the situation presented here. Therefore, the Court concludes that Plaintiff's settlement demands did not unreasonably and vexatiously multiply the litigation.

**B.  Delayed Disclosure of Correspondence with the Copyright Office**

Defendants argue that Plaintiff's counsel multiplied the proceedings in bad faith by failing to timely disclose correspondence with the copyright office that would have revealed Plaintiff's changes to the author name and ownership of the work at issue in this dispute, and Plaintiff's inconsistent representations about the content of the deposit. (Doc. 103 at 5-6, 9-10.)

---

[3] Defendants also cite *In re TCI Ltd.,* 769 F.2d 441, 446 (10th Cir. 1985), for the proposition that a "[w]hen lawyers act unreasonably to appease clients 'they must understand that their adversary's fees become a cost of their business.'" (Doc. 103 at 5 (quoting *TCI Ltd*, 759 F.2d at 446).) In that case, the court imposed sanctions based on an attorney's filing of a "baseless pleading to appease a client." *TCI Ltd*., 759 F.2d at 446. The court did not discuss unreasonable settlement demands as a basis for sanctions under § 1927 and, therefore, this case does not support Defendants' motion for sanctions.

### 1. Changes to Author Name and Ownership of the Work

Defendants argue that on September 23, 2016, Plaintiff's counsel began amending the copyright registration application and authorized the copyright office to change the author name from SellPoolSuppliesOnline.com ("SPSO") to the Hagens and to change the means of ownership from work for hire to assignment. (Doc. 103 at 5 (citing Doc. 56-6 at 56).) Defendants assert that Plaintiff did not disclose these changes until November 29, 2016, and that this failure "multiplied the proceedings" because Defendants raised the issues of authorship and means of ownership in their November 9, 2016 motion for summary judgment. (Doc. 103 at 6; *see also* Doc. 45 at 5-6, 10-12 (Defendants' motion for summary judgment); Doc. 53 at 8 (asserting that Plaintiff's counsel provided the amended copyright registration to defense counsel on November 29, 2016).) Plaintiff responded to these arguments in its response to Defendants' motion for summary judgment, filed December 13, 2016. (Doc. 49 at 7-9.) Defendants did not address these issues in their reply in support of their motion for summary judgment. (Doc. 54.) The Court's order on Defendants' November 9, 2016 motion for summary judgment did not reach the issues of authorship or means of ownership. (Doc. 64.)

Although Plaintiff's alleged failure to timely notify Defendants of changes to its copyright registration application might have led to the inclusion of unnecessary issues in Defendants' motion for summary judgment, the Court concludes that the failure did not unreasonably or vexatiously multiply or prolong the proceedings in this matter. *See* 28 U.S.C. § 1927. Defendants do not suggest that Plaintiff knowingly or recklessly raised a frivolous argument, or submitted unnecessary filings, or engaged in unnecessary tactics. *See Keegan*, 78 F.3d at 436. Defendants' motion for summary judgment raised multiple issues in addition to the issues of authorship and means of ownership. (Doc. 45.) The Court did not address those issues, but instead resolved the motion for summary judgment on other grounds. (Doc. 64.) Thus, Plaintiff's failure to notify Defendants of changes to its copyright registration, which resulted in Defendants including the issues of authorship

and ownership in their November 2016 motion for summary judgment, did not multiply the proceedings.

## 2. Correspondence with the Copyright Office

Defendants also argue that Plaintiff's counsel acted in bad faith by intentionally attempting to conceal correspondence with the copyright office.[4] (Doc. 103 at 9.) Defendants state that on November 29, 2016 Plaintiff's counsel forwarded to defense counsel the first page of the recently-issued copyright registration. (Doc. 103 (citing Doc. 53, Ex. B).) On December 1, 2016, defense counsel requested page two of the registration. (Doc. 103 at 9.) Upon receiving the second page of the registration, defense counsel noticed that the copyright registration referred to correspondence and requested that correspondence from Plaintiff's counsel. (*Id.* (citing Doc. 53, Ex. R).) Plaintiff's counsel initially stated that he was "unclear on what correspondence you are referring to." (Doc. 103 at 9-10 (citing Doc. 53, Ex. R).) On December 2, 2016, Plaintiff's counsel sent an email in which he asserted that the correspondence was protected under the work product doctrine and refused to produce it. (Doc. 103 at 10 (citing Doc. 53, Ex. S).) On December 4, 2016, Plaintiff disclosed the correspondence after Defendants threatened to file a motion to compel and counsel had a call to discuss the discovery dispute. (Doc. 103 at 10 (citing Doc. 53, Ex. T).)

As Defendants argue, Plaintiff's counsel was not initially forthcoming about correspondence with the copyright office and improperly withheld that correspondence. However, the parties resolved the discovery dispute within a few days without Court intervention.[5] Thus, the Court concludes that the conduct of Plaintiff's counsel in this discovery dispute did not unreasonably or vexatiously multiply the proceedings. *See* 28 U.S.C. § 1927.

---

[4] The Court discussed the correspondence at issue in its June 9, 2017 Order. (Doc. 64 at 5-8, 18-20.)

[5] The Court also notes that sanctions for discovery abuses are governed by Rule 37 of the Federal Rules of Civil Procedure, not by § 1927. *See Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986).

### C. Inaccurate Information in Hagen's Affidavit

Defendants argue that Plaintiff's counsel multiplied the proceedings in bad faith by submitting a "false declaration" to the copyright office. (Doc. 103 at 6.) Defendants refer to the affidavit from one of Plaintiff's principals, Aaron Hagen, that Plaintiff's counsel submitted to the copyright office on November 14, 2016. (Doc. 103 at 6; Doc. 95 at 5.) As discussed in the Court's September 24, 2018 Order, the Hagen affidavit stated that the Platform was first published on July 3, 2014. (Doc. 95 at 5 (citing Doc. 53, Ex. K at ¶ 4; Doc. 80 ¶ 38).) The Hagen affidavit further stated that the "[t]he sample of the Platform provided to the United States Copyright Office with SPSO's Copyright application in 2015 is the same as the website first appeared when published on July 3, 2014." (Doc. 53, Ex. K at ¶ 5; Doc. 80 ¶ 39.) In an accompanying email, Plaintiff's counsel confirmed that "[t]he Deposit that was submitted correctly represents the copy that was first published on July 3, 2014. Counsel did not have sufficient facts at the time of application." (Doc. 53, Ex. L; Doc. 80 ¶ 40.)

In its June 9, 2017 and September 24, 2018 Orders, the Court found that the copyright application included inaccurate information—the July 3, 2014 publication date for the deposit. (Doc. 64 at 17-25; Doc. 95 at 16.) The publication date was inaccurate because the deposit included content that appeared on the website after the alleged July 3, 2014 publication date. (Doc. 95 at 16-17.) The Court found that Plaintiff knowingly included that inaccurate information in the copyright application in its correspondence with the copyright office. (Doc. 64 at 21-24; Doc. 95 at 19-24.)

In their motion for sanctions, Defendants argue that Plaintiff's counsel multiplied the proceedings in bad faith by knowingly submitting the inaccurate information to the copyright office. (Doc. 103 at 6-7.) Defendants' motion, however, does not explain how the proceeding were multiplied by this conduct. (*Id*.) In their reply, Defendants clarify that the conduct of Plaintiff's counsel during the copyright registration process multiplied the proceedings because the Court was required to invoke the § 411(b) process to submit a question to the copyright office. (Doc. 107 at 3.) The Court agrees that Plaintiff's

counsel's submission of inaccurate information to the copyright office as part of the copyright registration process multiplied the proceedings because the Court was required to submit an inquiry to the copyright office to determine whether that inaccurate information was material to the validity of the copyright registration, and this process resulted in additional motions for summary judgment. *See* 17 U.S.C. § 411(b); (Doc. 95 at 7-9; 24-25.) Therefore, the Court must consider whether this conduct is sanctionable under § 1927.

A party seeking the imposition of sanctions pursuant to § 1927 has the burden of demonstrating "bad faith," which means either frivolity combined with recklessness or intentional harassment. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (defining bad faith); *Morris v. Wachovia Secs., Inc.*, 448 F.3d 268, 284 (4th Cir. 2006) (discussing the burden of showing bad faith). Among other circumstances, "bad faith is present when an attorney knowingly or recklessly raises a frivolous argument." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (internal quotation marks and alteration omitted). An argument is frivolous if its resolution "is obvious" or the argument is "wholly without merit." *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley* (*In re Nat'l Mass Media Telecomm. Sys., Inc.*), 152 F.3d 1178, 1181 (9th Cir. 1998) (internal quotation marks omitted). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989) (internal citations omitted).

In its orders on the motions for summary judgment the Court found that, while this litigation was pending, Plaintiff knowingly submitted inaccurate information to the copyright office about the content and publication date of the deposit.[6]. (Doc. 64 at 21-24; Doc. 95 at 19-24.) Plaintiff, however, did not "recklessly or intentionally mislead the court." *See In re Girardi,* 611 F.3d at 1061. Instead, in its filings in this Court, Plaintiff

---

[6] Defendants assert that the Court also found that Plaintiff's counsel was "reckless" in failing to determine the veracity of the Hagen affidavit. (Doc. 103 at 7 (citing Doc. 95 at 21 n.11, 23).) The Court, however, in its September 24, 2018 Order noted that Plaintiff's counsel delayed in his efforts to confirm the contents of the deposit that were submitted to the copyright office. (Doc. 95 at 21 n.11.) The Court did not find that counsel acted recklessly. (*Id*.)

admitted that the deposit contained material added after the claimed publication date. (Doc. 64 at 23 (citing Doc. 56 at 6).) Plaintiff argued that the additional material in the deposit was "of no moment." (Doc. 64 at 24 (quoting Doc. 56 at 7).) The Court rejected this argument and concluded that the inquiry process of § 411(b)(2) was designed to clarify whether inaccurate information presented to the copyright office was material to its decision to issue a copyright registration. (Doc. 64 at 24-25 (quoting *Palmer/Kane LLC v. Rosen Book Works LLC*, 2016 WL 3042895, at *1 (S.D.N.Y. May 27, 2016)).)

In the briefing on the second motions for summary judgment, after the Court received a response to its inquiry from the Register of Copyrights, Plaintiff argued that it did not make fraudulent statements to the copyright office because § 411(b) requires a showing of fraudulent misrepresentation under state law. (Doc. 95 at 19-20 (citing Doc. 90 at 2-3, n.1).) Plaintiff also argued that a party challenging whether a copyright registration meets the registration precondition for filing suit must meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. 95 at 20 (citing Doc. 90 at 3-4).) Finally, Plaintiff argued that its counsel made inadvertent technical errors in the registration process. (Doc. 95 at 20 (citing Doc. 90 at 5).) Although the Court rejected these arguments, it did not find that these arguments were frivolous. (Doc. 95 at 20); *see also In re Keegan Mgmt. Co.*, 78 F.3d at 436 (the court must find that a party knowingly or recklessly raised frivolous arguments before imposing sanctions under § 1927). Additionally, the Court did not find that Plaintiff's counsel's actions taken in connection with the copyright registration process were taken with the "intent to increase expenses or delay." *See New Alaska Dev. Corp.*, 869 F.2d at 1306. Therefore, the Court concludes that Defendants have not shown that Plaintiff's counsel acted in bad faith for purposes of imposing § 1927 sanctions.[7]

---

[7] Although the Court declines to impose sanctions in this case, Plaintiff's knowing presentation of inaccurate information to the copyright office during the registration process was not without consequences. The Court's finding that this occurred triggered the inquiry process of § 411(b), which resulted in the Register of Copyrights advising the Court that it would have refused the registration with the claimed publication date if it had known of the inaccurate information, and the Court's conclusion that Plaintiff's copyright registration was insufficient to support its copyright claim. (Doc. 95 at 24-25 (citing Doc. 72-1 at 8).)

- 10 -

### D. Refusal to Withdraw the Copyright Registration

Defendants argue that Plaintiff's counsel multiplied the proceedings in bad faith by refusing to withdraw the inaccurate copyright registration. (Doc. 103 at 8.) Defendants appear to speculate that withdrawing the copyright registration would have terminated the litigation on the copyright infringement claim and, therefore, failure to do so multiplied the proceedings by requiring continued litigation on that claim until it was dismissed in September 2018. (*Id.* at 8-9.) Defendants, however, do not cite any authority indicating that after Defendants alleged, or the Court found, that the copyright registration contained inaccurate information, Plaintiff was required to withdraw its copyright registration.[8] Additionally, Defendants do not cite any authority describing the process for withdrawing a copyright registration, the timing of such a process, or the impact that withdrawing the copyright registration would have had on this litigation. (Doc. 103 at 8-9.) Thus, Defendants' speculation that Plaintiff's withdrawal of the copyright registration would have terminated the litigation on the copyright infringement claim does not support a finding that Plaintiff's counsel's multiplied or prolonged the proceedings by failing to withdraw the copyright registration. *See* 28 U.S.C. § 1927.

### E. Unprofessional Behavior

Defendants further argue that Plaintiff's counsel engaged in unprofessional conduct that justifies § 1927 sanctions. (Doc. 103 at 10.) Defendants cite several examples of counsel's comments they consider disparaging. (*Id.*) Defendants assert without explanation that these disparaging comments, which they describe as "inappropriate conduct," "vexatiously multiplied the proceedings in this case." (*Id.*) Defendants do not explain how that conduct multiplied or prolonged the proceedings and do not identify any additional proceedings or delay in this case that was caused by counsel's disparaging comments. Although the Court agrees that such conduct is inappropriate and

---

[8] The Court notes that the Register of Copyrights has the primary jurisdiction to cancel a copyright registration. *See Syvek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 780-82 (9th Cir. 2002).

- 11 -

unprofessional, Defendants' conclusory assertion does not satisfy their burden under § 1927.

### III. The Court's Inherent Authority to Impose Sanctions

Finally, Defendants ask the Court to exercise its inherent authority to sanction non-party Aaron Hagen based on the inaccurate affidavit that he submitted to the copyright office. (Doc. 103 at 11); *see* Section II.C. Defendants cite *Indiezone, Inc. v. Rooke*, 720 Fed. App'x. 333 (9th Cir. 2017) (unpublished opinion), to support their assertion that the Court has inherent authority to sanction a non-party for misconduct. (Doc. 103 at 11.) In that unpublished decision, the Ninth Circuit noted that a district court may use its inherent powers to sanction non-parties for abusive litigation practices. *Id*. at 337 (citing *Corder v. Howard Johnson & Co*., 53 F.3d 225, 232 (9th Cir. 1995)). The court affirmed sanctions against several parties based on their "false and misleading declarations" and other conduct during the litigation that suggested the appellants had attempted to create a "sham plaintiff." *Indiezone,* 720 Fed. App'x. at 337. The court also affirmed sanctions against a non-party who purported to be the CEO of the sham plaintiff, authored the declarations that the court found to be the primary source of the bad faith conduct, and disobeyed a court order that explicitly directed him to appear and testify at the hearing on sanctions. *Id.*

Unlike *Indiezone*, in this case the Court did not find that the Hagen affidavit supported a finding that Plaintiff's counsel acted in bad faith and did not sanction Plaintiff's counsel. Thus, unlike *Indiezone*, the Hagen affidavit that was filed with the copyright office was not the subject of a finding of bad faith conduct. Defendants do not allege that Hagen engaged in any other sanctionable conduct. The Court concludes that Defendants have not shown that sanctions against Hagen are justified.

### IV. Conclusion

For the reasons set forth in this Order, the Court denies Defendants' motion for sanctions.

Accordingly,

**IT IS ORDERED** that Defendants' motion for sanctions (Doc. 103) is **DENIED**.

Dated this 11th day of March, 2019.

_____
Bridget S. Bade
United States Magistrate Judge