# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SellPoolSuppliesOnline.com LLC, | No. CV-15-01856-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Ugly Pools Arizona Incorporated, et al., | |
| Defendants. | |

Defendants, Ugly Pools Arizona, Inc., and Brian Morris ("Defendants"), have filed a motion for reconsideration of the Court's March 11, 2019 Order denying their motion for attorney's fees and costs. (Doc. 110 (denying Doc. 102).) Plaintiff filed a response in opposition to that motion. (Doc. 114.) Because LRCiv 7.2(g)(2) does not provide for a response to a motion for reconsideration and the Court did not order one, Plaintiff withdrew its response. (Doc. 115 ("notice of errata").) The Court, therefore, does not consider Plaintiff's response. As set forth below, the Court denies the motion for reconsideration.

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). In its March 11, 2019 Order, the Court stated that "[w]hen determining whether to award attorney's fees in a copyright case, the court may consider 'several non-exclusive factors' including: '[the degree of success obtained], frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need

in particular circumstances to advance considerations of compensation and deterrence.'" (Doc. 110 at 4 (citing *Kirtsaeng v. John Wiley & Sons, Inc*., \_\_\_ U.S. \_\_\_, 136 S. Ct. 1979, 1985 (2016)).) The Court considered these factors and considered whether an award of fees would further the purposes of the Copyright Act. (Doc. 110.) In their motion for reconsideration, Defendants argue manifest error based on the Court's determination on the "objective unreasonableness" factor and on the goals-of-the-Copyright-Act factor. (Doc. 112 at 2; *see* Doc. 110 at 10-15.) The Court considers these arguments below.

## I.   Objective Reasonableness of Plaintiff's Position

As noted in the March 11, 2019 Order, when determining whether to award fees under the Copyright Act, the court considers the objective reasonableness of the losing party's position "both in the factual and in the legal components of the case." *Kirtsaeng v. John Wiley & Sons*, \_\_\_ U.S.\_\_\_\_, 136 S. Ct. 1979, 1983, 1985 (2016). In the March 11, 2019 Order the Court concluded the Plaintiff's copyright infringement claim was not objectively unreasonable because it was not clear that Plaintiff "'should have known from the outset that its chances of success' in raising all of its arguments on the copyright infringement claim 'were slim to none.'" (Doc. 110 at 12 (quoting *SOFA Entm't, Inc., v. Dodger Prods*., 709 F.3d 1273, 1279, 1280 (9th Cir. 2013)).)

Defendants argue that this determination is manifest error. (Doc. 112 at 2-3.) Defendants cite decisions from the Second Circuit Court of Appeals and the Federal Circuit that predate 17 U.S.C. § 411(b) for the proposition that a plaintiff's misrepresentations to the copyright office support an award of attorney's fees. (Doc. 112 at 3 (citing *Whimsicality, Inc. v. Rubie's Costume Co., Inc*., 891 F.2d 452 (2d Cir. 1989), and *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291 (Fed. Cir. 2018)).)

In *Whimsicality*, the Second Circuit found that the plaintiff made "willful misrepresentations" in a copyright application that fell "within the meaning of 'bad faith' under [Second Circuit] case law." *Id*. at 457. The Second Circuit remanded the case to the district court for a determination of attorney's fees. (*Id*.) While the Second Circuit's decision considered plaintiff's "bad faith," as that term is defined in the Second Circuit,

relevant to the consideration of attorney's fees, it remanded to the district court to determine attorney's fees in "light of [its] opinion," but did not direct the district court to award attorney's fees solely on that basis. (*Id*.) The Court finds that the Second Circuit's decision does not support the conclusion that its determination of the objective reasonableness factor was manifest error that requires reconsideration of its March 11, 2019 Order.

In *Energy Heating*, the Federal Circuit considered whether to award attorney's fees under 35 U.S.C. § 285. *Energy Heating*, 889 F.3d at 1306. Under § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." *Id*. The court stated that "[a]n 'exceptional' case under § 285 is 'one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'" (*Id*. (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., ___ U.S. ___ 134 S. Ct. 1749, 1756 (2014)). The court noted that district courts often awarded, and the Federal Circuit had upheld, attorney's fees under § 285 on a finding of "inequitable conduct." *Energy Heating*, 889 F.3d at 1307. The court stated that after its decision in *Therasense,* "inequitable conduct requires specific intent to deceive." *Id*. (citing *Therasense Inc. v. Becton, Dickinson and Co*., 649 F.3d 1276, 1290 (Fed. Cir. 2011)). The court further stated that a district court is not required to "always award attorney's fees following a finding of inequitable conduct." *Energy Heating*, 649 F.3d at 1307. Rather, the decision "should be made based on the totality of the circumstances." *Id*. (citing *Octane Fitness*, 134 S. Ct. at 1756). However, "given the strict standard in *Therasense* . . . a district court must articulate a basis for denying attorney's fees following a finding of inequitable conduct." *Energy Heating*, 649 F.3d at 1307. The court vacated the district court's order denying attorney's fees under § 285 and remanded on that issue because the district court's order did not use the language of the standard articulated in *Therasense* and, therefore, the court could not determine whether the court had abused its discretion in denying attorney's fees. *Id*. at 1307-08.

The Court finds that the Federal Circuit's decision does not lead to the conclusion that the Court's March 11, 2019 determination of the objective reasonableness factor was manifest error that requires reconsideration of that order. The *Energy Heating* decision was based on standards that are not applicable to this Court's determination of the attorney's fees request in this case. Additionally, the Federal Circuit did not require the district court to award attorney's fees based on the plaintiff's inequitable conduct to obtain a patent. *Id*. at 1299-1300, 1307-08. Rather, the Federal Circuit remanded to the district court to again consider the issue of attorney's fees.

## II. The Goals of the Copyright Act

In the March 11, 2019 Order, the Court considered whether an award of attorney's fees would further the purposes of the Copyright Act. (Doc. 110 at 13-14 (citing *Glacier Films v. Turchin*, 896 F.3d 1033, 1040-41 (9th Cir. 2018).) The Court noted that "[t]he goal of the Copyright Act is 'to promote creativity for the public good.'" (Doc. 110 at 14 (quoting *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)).) "Under the Copyright Act, the question is whether a successful defense of the action furthered the purposes of the Act, not whether a fee award would do so." *Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 815-16 (9th Cir. 2003). The Court concluded that the "goal of promoting copyright registrations is different from the goal of promoting the 'production of original literary, artistic, and musical expression for the good of the public.'" (Doc. 110 at 15 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994)).) Therefore, the Court found "that the successful defense advanced in this case [did] not further the goal of the Copyright Act and this factor [did] not weigh in favor of awarding fees." (Doc. 110 at 15.)

In their motion for reconsideration, Defendants disagree with the Court's conclusion and argue that their successful defense furthered the goals of the Copyright Act. (Doc. 112 at 3-4.) Defendants assert arguments that they could have included in their motion for attorney's fees. Defendants, however, do not explain why the Court's determination of this issue was manifest error.

In conclusion, Defendants have not shown "manifest error" or "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Therefore, the Court denies the motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 112) is **DENIED**.

Dated this 28th day of March, 2019.

Bridget S. Bade
United States Magistrate Judge